# Appeal of Charles T. Neale, guardian.

1. In creating a sole and separate use by will, the will speaks from the date of its execution; if the devisee is neither married nor.in contemplation of marriage at that time it is beyond the power of the testator to create the use. The fact that the devisee was a married woman at the time of the testator's death will not render that valid which was before invalid.

2. The Act of June 4th 1879, § 1 (P. L. 88), which provides: " that every will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will," affects only the property devised; it does not create a disposing power in the testator just before his death which he did not possess when he executed his will.

October 5th 1883. Before Mercur, C. J., Gordon, Trunkey, Sterrett and Green, JJ. Paxson and Clark, JJ., absent.

Appeal from the Court of Common Pleas of *Clarion county:* Of October and November Term 1883, No. 199.

This was an appeal by Charles T. Neale, guardian of James E. Brown, Jr., from a decree distributing the proceeds of a sale in partition of certain real estate, late of James E. Brown and Thomas McConnell.

[Neale's Appeal.]

The facts were as follows : James E. Brown at the time of his death was seised as tenant in common with Thomas Mc-Connell, of certain real estate. After Mr. Brown's death Mc-Connell brought an action of partition against his widow, devisees and heirs, which was so proceeded in that said premises were sold under an order of sale in partition, and J. T. Maffett, Esq., was appointed auditor to report distribution of the proceeds of sale. Thomas McConnell's right to one-half the fund was not disputed, and the same was awarded to him.

James E. Brown died testate, November 27th 1880, leaving to survive him (1) his second wife, Kate L. Brown, (2) a minor son by his second wife, James E. Brown, Jr., and (3) a minor granddaughter, Phœbe R. Elwina, nèe Finley, married to A. F. Linton. She was the daughter of Jane B. Finley, who was testator's daughter by his first wife. Jane B. Finley died during the testator's lifetime.

The testator's will was dated March 30th 1871, after his second marriage, and prior to the birth of James E. Brown, Jr., and during the lifetime of Mrs. Jane B. Finley and of her husband. The testator's will contained a devise to his wife, Mrs. Kate L. Brown, to be in lieu of dower in his residuary real estate ; but contained no provision for after-born children. The residuary clause of the will was as follows :

" 7. All the rest and residue of my estate, real, personal and mixed, I devise and bequeath to my daughter Mrs. Jane B. Finley, and my grandchild P. R. Elwina Finley, share and share alike, for their sole and separate use, and which shall not be controlled, encumbered or charged by, or liable or subject, in any way, to debts, contracts or engagements of the present or future husband of my said daughter, or of any future husband of my said granddaughter. If my granddaughter die without issue and my daughter survive her, then my daughter shall be entitled to and inherit this devise and bequest to my granddaughter. At the death of my daughter and my granddaughter survive her she shall be entitled to and inherit this devise and bequest to my daughter, and if my granddaughter survive my daughter, and afterward die without issue, then whatever may remain of this devise and bequest shall descend and go to my legal heirs."

The widow elected not to take under the will, and James E. Brown, Jr., by his guardian, Charles T. Neale, claimed his rights against the will, as an after-born child, not provided for therein, under the Act of 1833. Their respective rights, under the provisions of the intestate laws were not disputed ; and the Auditor awarded to the widow the interest for life of one-third of the testator's interest, and to James E. Brown, Jr., one-third thereof absolutely.

[Neale's Appeal.]

The only contest was whether Mrs. Linton took, under the above residuary clause of her grandfather's will, an absolute estate, or an estate limited in trust for her sole and separate use. At the date of the will she was only nine years old, and of course not married or in contemplation of marriage. She afterwards married Mr. Linton, in her seventeenth year, during her father's lifetime, and both she and her husband survived her father.

Charles T. Neale, guardian of James E. Brown, Jr., contended that Mrs. Linton being married at the testator's death, when his will took effect, the sole and separate use for her therein limited was valid, and that her share should be awarded to a trustee, the interest only to be paid to her during her coverture or life.

The Auditor negatived this contention, and awarded the remaining one-third of the fund representing the testator's interest, to Mrs. Linton absolutely.

Exceptions filed by Charles T. Neale, guardian, were overruled, the report was confirmed, and a decree of distribution entered in accordance therewith, whereupon he took this appeal, assigning for error the said decree.

*Joseph Buffington* (with him *Buffington*, and *E. C. Mitchell*), for the appellant.—A will takes effect at the death of the testator, and until then no estate vests and no trust is created. Mrs. Linton being married at the testator's death the trust then created for her sole and separate use is valid. In case of a devise to "the wife of A." if A. be unmarried at the date of the will, but married at the testator's death, the devise to A.'s then wife takes effect: Jarman on Wills (Ed. 1880) p. 598. In this case we simply give effect to the testamentary trust by reference to the status of the devisee at the testator's death. This violates no statute or policy of law. On the contrary the Act of June 4th 1879, § 1 (P. L. 88), provides that every will shall be construed, with reference to the real and personal estate, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will. Independently of that statute, the number and status of legatees may be settled by reference to the testator's death, and different persons be entitled to take from those who would have answered the testator's description at the date of the will: Woods' Appeal, 6 Har. 478; Dubs *v.* Dubs, 7 Cas. 151.

*George W. Guthrie* and *James P. Colter* (*Hill Burgwin* with them), for the appellees.—The question is one of testamentary power, not of intention or construction, and the decis-

ions in this state support the decree of the court below : Mc-
Bride *v.* Smyth, 4 P. F. S. 245 ; Wells *v.* McCall, 14 P. F. S.
207 ; Snyder's Appeal, 11 Nor. 504. The Act of 1879 applies
to " real and personal estate," and is inapplicable to the question
before the court.

Chief Justice MERCUR delivered the opinion of the court,
January 7th 1884.

The main question argued in this case is whether paragraph
seven of the will of Jas. E. Brown, created a valid trust in Elwina
Finley, now Linton. The devise was to her, for her sole and
separate use, not to be controlled, encumbered or charged by or
liable or subject in any way, to debts, contracts or engagements
of any future husband of said Elwina. The will was executed
on the 30th of March 1871. Elwina was then under ten years
of age. She did not marry until almost eight years thereafter.
It is not pretended, when the attempt was made to create this
trust, that it was in immediate contemplation of marriage or of
marriage with any particular person.

The law is well settled by numerous authorities that a separ-
ate use for a married woman cannot be created unless she is
covert or unless in immediate contemplation of marriage:
Husbands on Married Women and Trusts 314; McBride *v.*
Smyth, 4 P. F. Smith 245 ; Wells *v.* McCall, 14 Id. 207 ;
Snyder's Appeal, 11 Norris 504; Phila. Trust Safe Dep. &
Ins. Co.'s Appeal, 12 Id. 209. In Hamersley *v.* Smith, 4
Whar. 126, it is said the immediate contemplation of marriage
must be with a particular person. This indicates the strictness
with which the rule is held in Pennsylvania.

It is, however, contended by the appellant that conceding
the will did not at the time of its execution create a trust in
Elwina, yet by her marriage during the life of the testator, the
trust thereby became valid.

The Act of 4th June 1879, does declare "that every will
shall be construed with reference to the real and personal
estate comprised in it, to speak and take effect as if it had been
executed immediately before the death of the testator, unless a
contrary intention shall appear by the will." " With reference
to the real and personal estate comprised in it," it must be con-
strued to speak and take effect at the time stated. For many
purposes a will speaks as of the death of the testator. For all
purposes it then takes effect. The question here is not what
property was devised or intended to be devised by the testator,
but what estate did the language used create? At the time
this will was executed there was no power in the testator to
create the trust in question. It was not the intention of the
Act to create a disposing power in the testator just before his

death, which he did not possess when he executed his will.  If he was clearly incompetent to make a will when he executed one, the fact that just before his death he became entirely competent to execute one, but did not, it will not be claimed that the will which was of no force or effect, thereby became valid and of full force.  It certainly was not the intention of the Act to strike down the estate which any beneficiary would otherwise have taken.  Their title is not thereby destroyed. If the will was to speak as at the death of the testator then Elwina thereafter had no " future husband."  She married before the death of her grandfather.  We do not rest the case on that fact, but on the broad ground that the Act of 1879 does not give vitality to a previous abortive attempt to tie up an estate in a manner wholly beyond the power of the testator to do.

> Decree affirmed and appeal dismissed at the costs of the appellant.