198    572
f 31 SC 154
  31 SC 155

## Board of Charities, etc., *v.* Lockard.

*Trust and trustees—Wills—Spendthrift trust—Support of wife and children—Desertion act.*

A direction in a will that " all moneys or legacies herein bequeathed are to be paid to the legatees in person, and to no one else, and shall not be assignable or transferable, nor subject nor liable in any way whatever for any debts or obligations of any of said legatees, heretofore or hereafter incurred or contracted or created," creates a strict spendthrift trust, the income of which cannot be attached in the hands of the trustee, by virtue of a warrant of seizure issued by a magistrate under the desertion act for the maintenance of the wife and child of the cestui que trust.

Argued Jan. 16, 1901.  Appeal, No. 190, Jan. T., 1900, by the Fidelity Insurance, Trust & Safe Deposit Company, garnishee, from decree of Superior Court, Oct. T., 1899, No. 193, affirming order of Q. S. Phila. Co., under the desertion act, in case of Board of Charities and Corrections v. Edwin J. Lockard, Defendant, and the Fidelity Insurance, Trust & Safe Deposit Company, Garnishee.  Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ.   Reversed.

Appeal from Superior Court.

From the record it appeared that William F. Lockard by his will bequeathed a certain share of his estate to the appellant in trust for his son, Edwin J. Lockard, and provided: " All moneys or legacies herein bequeathed are to be paid to the legatees in person and to no one else, and shall not be assignable or transferable nor subject or liable in any way whatever for any debts or obligations of any of said legatees, heretofore or hereafter incurred or contracted or created."

Upon the affidavit of Alida Lockard, wife of Edwin J. Lockard, a warrant of seizure was issued and served upon the trustee.   The provisions of the will were set forth by the trustee in an answer filed.   The court of quarter sessions confirmed the warrant and ordered the trustee to pay a weekly sum for the support of the wife of the cestui que trust.   The trustee appealed to the Superior Court which affirmed the order of the quarter sessions.

*Error assigned* was the judgment of the Superior Court.

*John Marshall Gest*, for appellant.—The income payable to Edwin J. Lockard under this will cannot be attached in the hands of the trustee by virtue of a warrant of seizure issued by a magistrate at the instance of the board of charities and correction under the desertion Act of June 13, 1836, P. L. 547, sec. 28, et seq.: Fisher v. Taylor, 2 Rawle, 33; Mehaffey's Est., 139 Pa. 276; Beck's Est., 133 Pa. 51; Goe's Est., 146 Pa. 431; Winthrop Co. v. Clinton, 196 Pa. 472; Thomas v. McCready, 5 S. & R. 387; Thackara v. Mintzer, 100 Pa. 151.

*Samuel E. Cavin*, for appellee.—It is not in the power of any individual to so protect the income or property of any beneficiary named in the will as to evade the force and effect of the statute: Board of Charities and Corrections v. Kennedy, 34 W. N. C. 83; Decker v. Directors of the Poor, 21 W. N. C. 401; Board of Charities v. Moore, 19 Phila. 540.

OPINION BY MR. JUSTICE POTTER, March 18, 1901:

The question in this case is whether the income of a strict spendthrift trust can be attached in the hands of the trustee, by virtue of the warrant of seizure issued by a magistrate at the instance of the board of charities and correction, under the desertion act, for the maintenance of the wife and child of the cestui que trust.

William F. Lockard, by his will bequeathed a certain share of his estate to the Fidelity Insurance, Trust & Safe Deposit Company, in trust for his son Edwin J. Lockard, and provided: " All moneys or legacies herein bequeathed are to be paid to the legatees in person, and to no one else, and shall not be assignable or transferable, nor subject nor liable in any way whatever for any debts or obligations of any of said legatees, heretofore or hereafter incurred or contracted or created."

Upon the affidavit of Alida Lockard, wife of Edwin J. Lockard, a warrant of seizure was issued and served upon the trustee. The provisions of the will were set forth by the trustee in an answer filed; but the court of quarter sessions confirmed the warrant, and ordered the trustee to pay a weekly sum for the support of the wife of the cestui que trust.

The general rule of law in Pennsylvania sustaining spendthrift trusts is admitted; but it is strongly urged, upon the

ground of public policy, that an exception should be made in the case of a beneficiary having a wife and children dependent upon him for support. If the fund had been attached after coming under the control of the legatee, the action of the court below would have been entirely justified. But the difficulty is that the fund was attached before it was within the control of the beneficiary, and while it was yet in the hands of the trustee. The fund did not originate with the beneficiary, but the bequest was made by another, the father, who had a right to bestow his benefactions as he pleased, and, in this case, he chose to bestow them upon the son, and upon him alone.

We agree entirely with all that has been said about the duty of the beneficiary to support his wife and child; but that does not authorize interference with the right of another individual, to dispose of his own property as he may see fit. In this case, the pressure was prematurely applied. There are methods of reaching the beneficiary directly.

The general validity of spendthrift trusts in Pennsylvania is thoroughly well settled, and is not now an open question. The present case is ruled directly by that of Thackara v. Mintzer, 100 Pa. 151. It was there argued that an intention to exempt an income payable to the cestui que trust, from liability for the support of his family would be contrary to the policy of the law. This court, however, held that no such distinction could be recognized. The testator impressed on the fund exemption from all kinds of legal process against the trustee. He made no distinction in the character of the obligations which might rest upon his son. The court there said : "If we depart from the clearly expressed will of the testator in this respect, we make a new will, instead of enforcing the one he made, " and it positively refused to sanction any legal proceeding against the trustee, instituted for the purpose of intercepting his action, and defeating the trust stamped on the fund by the donor.

In the case of Decker v. Directors of the Poor, 120 Pa. 272, the facts are different. There, the testator created a trust in real estate for the benefit of his son, directing the trustee to pay over all the rents and profits, every six months, to the cestui que trust, or to whomsoever he in writing might designate. The cestui que trust had power to control the income in the hands of the trustee. In case of a sale of the real estate, he also had

power to terminate the trust.   It was upon this right of control of the income while in the hands of the trustee, that the seizure was based.

In the present case, the testator was extremely careful to exclude the cestui que trust from all control of this fund; he provided that the money was to be paid to the legatee in person, and to no one else ; that it should not be assignable or transferable, nor subject nor liable in any way whatever for any debts or obligations of any of the said legatees.

We are of opinion, therefore, that a strict spendthrift trust was here created and that there can be no seizure of the fund in the hands of the trustee.   The judgment is therefore reversed, and the order of the court of quarter sessions is revoked.