## Hartman's Estate.

*Trusts and trustees—Cestui que trust—Assignment—Will.*

A direction in a will that the share of a son shall be paid directly to him "without diminution for the payment of any debts or liabilities whatever in transit from" the executor to him, applies to an assignment by the son of his share to his wife for the support of herself and children, and renders invalid such assignment.

Argued May 10, 1906.   Appeal, No. 102, April T., 1906, by plaintiff, from decree of O. C. Allegheny Co., Sept. T., 1905, No. 309, dismissing exceptions to adjudication in case of Julius Hartman v. Kate Hartman.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.   Reversed.

Exceptions to adjudication.

HAWKINS, P. J., found the facts to be as follows :

Maria Hartman, by will dated October     , 1899, gave all her estate to her children with the " distinct will and desire and an express condition of the gifts hereinbefore contained that none of the effects, real, personal or mixed above bequeathed to Julius Hartman . . . . shall be liable to be attached or seized, or in any manner pledged, appropriated, disposed of or parted with by anticipation or before the same shall have accrued or become payable, but the whole amounts of their respective shares shall be for their respective, sole, separate and exclusive use and benefit, and shall be paid over and distributed by my executor or administrator directly to them, as the parties entitled thereto, without diminution for the payment of any debts or liabilities whatever in transit from my said executor or administrator to them.   In 1902 Julius Hartman, upon information made by his wife, was ordered by the court of quarter sessions to pay her $5.00 per week for support.   In August, 1904, a petition was presented on his behalf setting forth among other things this order for support, and an attachment issued upon which he was arrested and placed in jail and asking to be released upon his own recognizance, which prayer was refused ;

and the next month another petition was presented reciting this refusal to enlarge him and that " he has now agreed with his wife to turn over to her all his interest in the estate of his mother (who had died in March), which was bequeathed to him by her last will and testament . . . . and that he has also agreed with his wife that the executor of his estate will turn over to his said wife all his interest upon the audit of said estate ; that he will also sign and receipt for any papers that may be required by reason of that; and that the same shall be a full release and discharge forever from his said wife of any claim that she may have against him." Whereupon an assignment was made and this indorsement thereon, viz : " I, Kate Hartman, wife of Julius Hartman, have accepted this promise given by my said husband, and hereby consent that the order made for my support by your honorable court in this case, be revoked, and that my husband Julius Hartman be discharged as your honors deem proper," and an order of discharge was accordingly made. During Mrs. Hartman's married life of sixteen years she worked in stores, supported herself and children, her husband giving her nothing except under compulsion of an order of court. Testatatrix knew how Julius treated his wife and was herself friendly with her.

The assignment made to Mrs. Hartman was presented for allowance.

The court awarded to Mrs. Kate Hartman the sum of $602.12 as due to her under the assignment.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*W. S. Maxey,* for appellant.—The share of Julius Hartman was payable only to him, and no power could take it from him —not even his own act prior to the delivery of the same to him : Beck's Estate, 133 Pa. 51; Goe's Estate, 146 Pa. 431 ; Board of Charities, etc., v. Lockard, 198 Pa. 572; Holbrooks' Estate, 213 Pa. 93 ; Rockhill's Estate, 29 Pa. Superior Ct. 28.

*James T. Buchanan,* with him *W. H. McGary,* for appellee.— The assignment was valid : In re Van Orden, 96 Fed. Repr.

86 ; Linton v. Linton, L. R. 15 Q. B. Div. 239 ; Com. v. Keeper of Jail of Philadelphia, 4 S. & R. 505 ; Thackara v. Mintzer, 100 Pa. 151; Decker v. Directors of the Poor, 120 Pa. 272 ; Board of Charities, etc., v. Moore, 19 Phila. 540.

OPINION BY BEAVER, J., May 23, 1906 :

The will of Maria Hartman, after directing all her property, real, personal and mixed, to be sold and converted into money by her executor or administrator, and authorizing him to execute and deliver good and sufficient deeds for real estate, and to receive the purchase money, etc., provides : " It is my distinct will and desire, and an express condition of the gifts, bequests and devises hereinbefore contained, that none of the effects, real, personal, or mixed, above bequeathed to Julius Hartman and Mrs. Katharina Cartus, or any of my other children, shall be liable to be attached or seized, or in any manner pledged, appropriated, disposed of or parted with by anticipation, or before the same shall have accrued or become payable, but the whole amounts of their respective shares shall be for their respective, sole, separate and exclusive use and benefit, and shall be paid over and distributed by my executor or administrator directly to them, as the parties entitled thereto, without diminution for the payment of any debts or liabilities whatever in transit from said executor or administrator to them."

An active spendthrift trust was clearly thus created : Board of Charities, etc. v. Lockard, 198 Pa. 572; Minnich's Estate, 206 Pa. 405; Holbrook's Est., 213 Pa. 93; Rockhill's Est., 29 Pa. Superior Ct. 28.

That this is the legal effect of the will of the testatrix is practically admitted by the appellee, but it is claimed and strenuously argued that, taking the trust clause as a whole, it is limited to " debts and liabilities," and that the assignment under which appellee claims, being for the support of herself and children, was made in the discharge of a duty imposed both by nature and legal enactment and does not come within the scope or interpretation of either. Accepting the appellee's definition of liability as given by Bouvier : " Responsibility ; the state of one who is bound in law and justice to do something which may be enforced by action," etc., the decree of the court of quarter sessions, enforcing the duty of providing support for

his wife and children created a legal liability of the highest character, and this is shown by the fact that in the enforcement of that decree the appellant was in prison at the time the assignment, under which the appellee claims the fund awarded to her in the distribution of the decedent's estate, was made.

We can see no difference and no valid distinction between this case and that of Board of Charities, etc. v. Lockard, 198 Pa. 572, which we think clearly rules it.

The court below endeavors to distinguish the cases in the opinion overruling the exceptions to the decree of distribution, although conceding "that the terms of the trusts in the two cases are substantially the same." It is not a question as to the character of the claim to the fund, whether based upon an attachment or an assignment. It is not a question of the appellant's good or bad faith in now disputing the validity of his assignment. Nor can we consider what testatrix might have done or probably would have done, could she have foreseen the circumstances under which the assignment was made by her son, or, as suggested by counsel, had known of the decision in the Lockard case. The question is, What did Maria Hartman mean by what she said in her will as to the distribution of her estate, and does that require the share of her son, Julius, to be paid directly to him "without diminution for the payment of any debts or liabilities whatever in transit from " the executor to him? On that question the Lockard case is clear and rules this. The share of Julius Hartman in the estate of his mother should, therefore, have been awarded to him, under her will, and not to Mrs. Kate Hartman, under the assignment of her husband.

The decree of the orphans' court, as to the distributive share of Julius Hartman, is reversed, and the record remitted with directions to amend the distribution in accordance herewith. The costs of this appeal to be paid by the appellee.