## Charles, Inc., v. Mellor et al.

*David H. Kinley* and *Graham & Gilfillan*, for plaintiff.

*Reynolds Driver Brown*, for garnishee.

ALESSANDRONI, J., February 13, 1934.—An action was brought by the plaintiff, a Massachusetts corporation, with its principal place of business at Springfield, Mass., for merchandise sold and delivered to the defendant's wife and children, which merchandise was claimed to be necessities. The affidavit of defense set forth that the merchandise did not constitute necessities, and that the purchases were not authorized by the defendant. Subsequently, a verdict was rendered in favor of the plaintiff and by remittitur reduced to the amount of $6,000. An attachment sur judgment then issued, attaching any assets of the defendant in the hands of Provident Trust Company, as garnishee, and a stipulation was entered of record between the plaintiff and the garnishee wherein the following facts were recited:

1. That the judgment entered in this proceeding in the amount of $6,000 is for necessities furnished by the plaintiff to the defendant's wife and children, of which sum $2,000 was for necessities furnished defendant's children.

2. That the defendant is a beneficiary under the will of Alfred Mellor, deceased, of which estate the garnishee is the trustee, the terms of the trust

being set forth in the garnishee's answers to interrogatories and incorporated in the stipulation by reference.

3. That the garnishee as trustee has in its custody sufficient income from the trust payable to the defendant to pay the judgment of $6,000, interest, and costs.

The agreement concludes with an averment that if the money payable to the defendant under the trust is not held under a spendthrift trust, or if held under a spendthrift trust is attachable for a judgment obtained for necessities furnished defendant's wife and children, judgment is to be entered against the garnishee in the amount of $6,000, with interest and costs, but if the amount payable is under a spendthrift trust and cannot be attached on a judgment for necessities furnished defendant's wife and children, judgment is to be entered in favor of the garnishee, either side to have the right of appeal.

It is obvious that the questions raised are purely of law. The terms of the trust, of which the defendant is a beneficiary, specifically provide:

"*Sixth.* I direct that all income payable under the trusts of this will shall be for the sole use and benefit of the beneficiaries, and shall not be subject to assignment by way of anticipation, or be subject to execution or attachment for any debts or liabilities of the beneficiaries, or be in any other way subject to the debts, engagements, or control of the beneficiaries until actual payment to said beneficiaries."

No extended analysis of the terms of the trust is required to conclude that it constitutes a spendthrift trust. Its language clearly and specifically prevents any alienation, assignment, or attachment for debts or liabilities of the beneficiaries, and specifically exempts it from liability for the debts, engagements, or control of the beneficiary until actual payment to the beneficiaries. The intent of the testator to create a spendthrift trust is free from ambiguity. As stated in Benefactor B. & L. Assn. v. Latta et al., 106 Pa. Superior Ct. 156, 161: "It is not essential that a spendthrift trust contain words providing specifically that the income shall not be subject to the debts of the beneficiary, if this intent is made clear by the words creating the trust. In Winthrop Co. v. Clinton, 196 Pa. 472, testator gave his estate to his executors to pay the net income to his son 'for his use and support for and during all the term of his natural life, and not to be liable to anticipation.' Our Supreme Court held that the necessary meaning of these words was that the son should be constantly provided during his entire life with the means to obtain those things which were necessary to his livelihood and concluded this must necessarily mean that his creditors should not be permitted to reach the fund."

But one question remains, therefore, and that is whether the income due the defendant under the terms of this particular spendthrift trust is subject to attachment on a judgment obtained against the defendant for necessities furnished the defendant's wife and children.

The earlier decisions in this jurisdiction clearly held that a strict spendthrift trust, similar to the one created in the estate before us, was not liable to seizure for the maintenance of a wife and children of the cestui que trust. In Board of Charities v. Lockard, 198 Pa. 572, the question of public policy was raised, and it was argued that an exception should be made in the case of a beneficiary having a wife and children dependent upon him for support. The Supreme Court, in deciding against the propriety of the attachment, stated (p. 574): "We agree entirely with all that has been said about the duty of the beneficiary to support his wife and child; but that does not authorize interference with the right of another individual, to dispose of his own property as he

may see fit. In this case, the pressure was prematurely applied. There are methods of reaching the beneficiary directly.

"The general validity of spendthrift trusts in Pennsylvania is thoroughly well settled, and is not now an open question. The present case is ruled directly by that of Thackara v. Mintzer, 100 Pa. 151. It was there argued that an intention to exempt an income payable to the cestui que trust, from liability for the support of his family would be contrary to the policy of the law. This court, however, held that no such distinction could be recognized. The testator impressed on the fund exemption from all kinds of legal process against the trustee. He made no distinction in the character of the obligations which might rest upon his son. The court there said: 'If we depart from the clearly expressed will of the testator in this respect, we make a new will, instead of enforcing the one he made,' and it positively refused to sanction any legal proceeding against the trustee, instituted for the purpose of intercepting his action, and defeating the trust stamped on the fund by the donor."

It is pertinent to note that the language of the trust then before the Supreme Court specifically exempted the fund from attachment for "debts or liabilities" as in the case before us and, in addition, that the present trust restricts the control of the beneficiary until actually paid to him. The Act of April 13, 1867, P. L. 78, as amended by the Act of April 15, 1913, P. L. 72, and the Act of June 15, 1917, P. L. 614, provides that if a husband or father within the limits of the Commonwealth deserts his wife and children and neglects to maintain them he shall be liable to arrest, and an order may be made by the court of quarter sessions for their support upon which an attachment may issue against any money or property to which the husband may in any way be entitled, whether under a spendthrift trust or otherwise. It is apparent that this act does not apply to the case now before us, for this proceeding is not upon an order for support before a court of quarter sessions, but is merely an action by a creditor of the defendant for necessities supplied the defendant's wife and children.

By virtue of the terms of the Act of May 10, 1921, P. L. 434, sec. 1, it is provided that, whenever any court of competent jurisdiction has made an order or entered a decree or judgment against a husband for the support of his wife and children, the court may issue execution against any money or property to which the husband is entitled, whether under what is known as a spendthrift trust or otherwise; and in cases of attachment of any spendthrift trust said attachment shall only be for 50 percent thereof, and shall continue until the order, decree, or judgment has been paid in full with costs. This act likewise has no application to the case now before us, as it is not based upon a support order issued by a court of competent jurisdiction. Moreover, it has been held that the Act of 1921 applies only to judgments entered by virtue of an order or decree requiring defendant to pay a sum or sums for the support of his wife and children entered by a court of this Commonwealth: Everhart v. Everhart, 87 Pa. Superior Ct. 184. In that case, the court stated (p. 190): "The difficulty in the way of appellant's case is threefold. (1) There is nothing in the record before us to show that the judgment obtained by the plaintiff against the defendant, which formed the basis of this attachment, was entered by virtue of any order or decree requiring defendant to pay any sum or sums for the support of his wife. (2) Even if such is the fact, the order, decree or judgment was not made or entered by a court of this Commonwealth and the Act of May 10, 1921, supra, clearly has reference to the powers of the Courts of this State and was enacted for the protection and relief of its own inhabitants who otherwise might become a public charge. By its provisions the court which makes

the order or enters the decree or judgment for support—whether the Quarter Sessions, Common Pleas, Municipal Court or County Court,—is authorized to issue the appropriate writ of execution or attachment execution, etc."

The judgment here was not entered by virtue of a support order made by a court of this Commonwealth, nor does it appear that the defendant's wife and children are inhabitants of this Commonwealth who otherwise might become public charges. Plaintiff relied, however, upon the decision of the Supreme Court in the case of Moorehead's Estate, 289 Pa. 542. In that case, a trust fund was left by the testatrix, the income to be payable to her grandson under the terms of a trust providing that neither the income nor the corpus from which it is derived "shall be liable to or for the contracts or debts of said William H. Watt, or to execution or to attachments at the suit of any of his creditors; but shall be absolutely free from the same, and he shall have no power to sell, assign or incumber the same or any part thereof, or to in any way anticipate the said income." The grandson subsequently deserted his wife, committed bigamy with a young woman whom he soon deserted, and during this time the wife filed a bill in equity praying for maintenance, which was decreed her by a court of this Commonwealth. On the date of this decree, Watt resumed marriage relations with his wife, but subsequently deserted her and was discovered in another State living in adulterous relations with his wife's sister-in-law, a married woman. He again disappeared. The wife then obtained an injunction against the payment of further income to her husband, by virtue of the decree of support entered in her favor, and the Supreme Court of this State held that the income due the husband under the spendthrift trust provisions then prevailing was subject to attachment.

This decision, however, was based on several factors that do not appear in the case before us. The court construed the will, which exempted the income from liability to or for the contracts or debts of the beneficiary, or to execution or attachment in a suit by the beneficiary's creditors, as not applying to the obligation for support of his wife, the court reasoning clearly that the wife was not a creditor of her husband nor was his obligation to support her a liability based on a contract or debt. In construing the testatrix's intention, the court reviewed the fact that the beneficiary was living with his wife at the time the will was executed and at the time the testatrix died, and the entire language of the will disclosed that the testatrix did not intend to protect her grandson from his obligation to support his wife. In fact, the Supreme Court indicated lucidly that where there is a question of interpretation under the terms of a will, it will not be given an interpretation which offends public policy, and clearly the public policy of a State requires that a husband be compelled to support his wife and prevent her from becoming a public charge. In addition, the court commented upon the reprehensible conduct of the husband (p. 551), characterizing him as "a common scamp, a demoralizer and debaucher of women. . . ." It was therefore concluded (p. 554) that the terms of the spendthrift trust exempting the income from "contracts or debts" did not apply "to and include those natural obligations and duties which a husband, in the light of humanity, of sound social order and by the requirements of the law, owes to his wife. The words 'contracts' 'debts' and 'creditors,' under the circumstances of this case should be restricted as originally employed and not extended to deprive the wife of her support."

These distinctions are recognized in Smith's Estate, 13 D. & C. 508, 510, wherein the court, commenting upon the decision in Moorehead's Estate, declared: "The language of the spendthrift trust, coupled with the attending

circumstances, led the court to the conclusion that there was no intention on the part of the testator to exempt the grandson's share from the support of the wife. We are of opinion that the principles in Moorehead's Estate have no application, under the circumstances, to the present case." The court held that an assignment by a husband to his wife of part of his estate did not apply to a fund due him under the provisions of a spendthrift trust.

In the instant case, there is no evidence that the defendant has refused to support his wife and children. True it is that articles of merchandise classed as necessities were delivered to the defendant's wife and children by the plaintiff creditor and charged to the defendant, upon which indebtedness the plaintiff creditor obtained a judgment, but this judgment is not a support order as in the Moorehead case, and the action is not one for support of the wife and children but one by a creditor for a sum due from the defendant. It seems this is the distinction between the Moorehead case and that now before us.

The Moorehead case was decided specifically upon an interpretation of the will creating the trust, the language of which is radically different from that before us. In the Moorehead case, the trust fund was specifically protected only against debts or contracts of the beneficiary and against attachments made by creditors, but no language was used applicable to a support order. We are of the opinion that if the attachment had been made by a plaintiff creditor, similar to the one in this proceeding, it would not have been sustained in the Moorehead case. The language of the trust before us specifically exempts the fund from execution or attachment for any debts or liabilities of the beneficiaries, and specifically prevents its subjection to the debts, engagements, or control of the beneficiary until actual payment is made to the beneficiary. The word "liabilities", as construed in the case of Board of Charities v. Lockard, supra, was held to govern even the obligation of support. The claim of this creditor is the personal obligation of the defendant, against which the fund is specifically protected until actually paid to the beneficiary.

Moreover, the public policy of this State is not involved, as it does not appear that the defendant's wife and children were or are residents of this State, or that they may become a public charge. In fact, our public policy is not designed to protect creditors. of a defendant who furnish necessities to his wife and children, but is designed solely to guarantee, insofar as is possible, that wives and children receive the support to which they are entitled, so that they will not become a public charge. It cannot be said with any degree of certainty or assurance that permitting a creditor in a proceeding such as this to collect from a spendthrift trust in violation of the express language thereof will result in affording proper support to the wives and children of defendants. A proper method is provided by law for the creation and enforcement of support orders. It is conceivable that a wife may obtain a proper order for the support of herself and children or receive proper support from her husband, and yet incur obligations for so-called necessities which would seriously and improperly burden her husband. For these reasons, we are of the opinion that the case of Moorehead's Estate, supra, does not apply and the attachment should not prevail. Our courts have constantly upheld the right of an individual to dispose of his property in a manner suitable to himself so long as he violates no law in so doing: Morgan's Estate (No. 1), 223 Pa. 228. We therefore conclude that judgment should be entered in favor of the garnishee and against the plaintiff.

And now, to wit, February 13, 1934, upon consideration of the case presented before us, judgment is ordered entered in favor of the garnishee and against the plaintiff. An exception to this action of the court is granted plaintiff.