# Everhart, Appellant, *v.* Everhart.

*Foreign attachment—Parties—Spendthrift trust—Discretion of trustees—Wills—Lunacy—Committee in lunacy—Act of May 10, 1921, P. L. 434.*

A testator bequeathed a sum of money to his trustees "to be held by them in trust to pay the income thereof to, or for the benefit of my said son, in quarterly payments, but with absolute power, discretion and authority to said trustees whether they pay any part of or all of said income, such payment to depend upon his conduct in life." The son became a lunatic and a committee was appointed.

Under such circumstances, when the law declared the son incompetent and took away his control over his person and estate, it suspended the exercise of the trustees' discretion, dependent upon such conduct in life, until he should be judicially declared of sound mind.

The Act of May 10, 1921, P. L. 434, which provides that a spendthrift trust fund shall be liable thereafter to attachment execution against the beneficiary for life of said fund, to enforce an order requiring him to pay money accruing after the passage of the act for the support of his wife or children, or both, is a proper exercise by the state of its police power.

The Act of 1921 has reference to orders, decrees and judgments made or entered by courts of this state and was enacted for the protection and relief of the citizens of this state who otherwise might become a public charge. Its provisions do not authorize the issuance of an attachment based on a foreign judgment.

Where the right to collect the income of a spendthrift trust, ac-

cruing and accrued, has passed to the beneficiary's committee in lunacy, the committee is an indispensable party to an attachment execution proceeding against the fund.

Argued November 18, 1925. Appeal No. 277, October T., 1925, by plaintiff, from judgment of C. P. No. 3, Philadelphia County, June T., 1923, No. 411, discharging the rule for judgment, in the case of Sarah G. Everhart v. Edwin E. Everhart, and Provident Trust Co. of Phila. and John J. Gheen, Executors and Trustees under the last Will and Testament of Isaiah F. Everhart, Deceased, Garnishees. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Foreign attachment. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Rule to show cause why judgment should not be entered against garnishees.

The rule was discharged. Plaintiff appealed.

*Error assigned* was the order of the court.

*George T. Steeley,* and with him *William A. Carr, Sidney L. Krauss* and *Alfred C. Bennett,* for appellant.—The fund is liable to attachment: Phila. Board of Charities v. Moore, 19 Phila. 540; Decker v. Directors of the Poor, 120 Pa. 272; Ferguson's Estate, 38 Lanc. 470; Act of May 10, 1921, P. L. 434; Swartz v. Carlisle Borough, 237 Pa. 473; Clay v. Iseminger, et al., 187 Pa. 108.

The trustees were bound to pay the income to the beneficiary's committee: Erisman v. Directors of the Poor, 47 Pa. 509; Stewart v. Madden, 153 Pa. 445; Severns's Estate, 211 Pa. 68; Harrar's Estate, 244 Pa. 542; Struthers Coal Co. v. Union Trust Co., 227 Pa. 29.

*J. B. Townsend, Jr.,* of *Townsend, Elliott and Munson,* for appellee.—The attachment cannot be sustained: Thackara v. Mintzer, 100 Pa. 151; Commonwealth v. Thomas, 65 Pa. Superior Ct. 275; Board of Charities v. Lockard, 198 Pa. 572.

OPINION BY KELLER, J., February 26, 1926:

Foreign attachment in assumpsit sur judgment obtained in the State of New York. The learned court below refused to enter judgment against the garnishees on their answers to plaintiff's interrogatories, on the grounds, (1) "that the trust for the benefit of the defendant gives to the trustees [the garnishees] absolute power and discretion to determine whether or not any part of the income shall be payable to him and under certain circumstances the income is to revert to the residuary estate"; (2) the Act of May 10, 1921, P. L. 434, in so far as its provisions are retroactive, is unconstitutional. We affirm the order, but not for the reasons stated by the court below.

Defendant's rights in his father's estate are set forth in the second, nineteenth and twenty-second articles of the will and in the second clause of the codicil thereto. By the second and nineteenth articles he was bequeathed the sum of $100,000, to be held in trust, the income of which was to be paid him quarterly during his life and at his death, if he left any lawful child or children, the income was to be paid for their support until they reached the age of twenty-one years, when the bequest was to be divided among them; if he died without leaving any lawful child, the trust fund of $100,000 was to go to the fund already provided for the support of the Dr. Isaiah F. Everhart Museum. By the twenty-second article all the trusts created under the will were, in effect, declared spendthrift trusts, not subject as to income or principal to the debts, contracts, engage-

ments or liabilities of the beneficiaries, nor liable to sale or attachment under legal process. In the second clause of his codicil testator expressly ratified and confirmed the bequest for the benefit of his son Edwin E. Everhart, contained in the second and nineteenth clauses of his will, but modified it as follows: "I give and bequeath the sum of $100,000.00 Dollars there mentioned to my Trustees, to be held by them in trust to pay the income thereof to, or for the benefit of my son, in quarterly payments, but with absolute power, discretion and authority to said Trustees whether they pay *any part of or all of said income,* such payment *to depend upon his conduct and life.* If my said son Edwin at death leave any lawful child, children or grandchildren him surviving, then such income shall from and after his death be paid for the support and education of such child, children or grandchildren, until the youngest of them, born during the lifetime of my said son reaches the age of twenty-one years, and then the principal shall be distributed to such child, children or grandchildren, the grandchildren taking the share of their parents, per stirpes; and if no lawful child, children or grandchildren of my said son survive him, or survive to receive the distribution of the principal, then *the principal fund* shall become part of my residuary estate."

The twentieth article of the will was not specially ratified or confirmed in the codicil, but in any event it has reference only to the disposition of the trust fund in case his son Edwin E. Everhart should institute any proceedings at law or in equity to invalidate his will or any provisions thereof; or should not observe the directions therein given with reference thereto. The will was admitted to probate on May 31, 1911 and the period for any contest has long since expired. We are of opinion that this section has no bearing on the case.

Two things are to be noted with reference to the provisions of the second clause of the codicil. (1) The power, discretion and authority of the trustees to pay to Edwin E. Everhart or withhold from him the income accruing on the trust fund is expressly dependent upon his conduct and life. (2) There is no gift over of such withheld income to anyone else,—the principal only is distributed to his children etc. or becomes a part of the residuary estate if he leaves no lawful child, etc.

We are therefore of opinion that the income of the fund, even though withheld and not paid, on account of Edwin E. Everhart's bad conduct, is bequeathed to him, and upon his conduct becoming exemplary is payable to him; or if not paid sooner, that upon his death it is payable to his estate: Baeder's Est., 190 Pa. 606. The trustees have power to withhold it if his life and conduct are not proper, but they cannot divert it from the person to whom it was bequeathed. It does not revert to the residuary estate. The codicil, when considered in connection with the second and nineteenth clauses of his will, which it specifically ratifies and confirms, makes this plain.

We are likewise of opinion that the power, discretion and authority in the trustees to pay or withhold income, dependent on Edwin E. Everhart's conduct and life, ceased as soon as he was judicially declared a lunatic and a committee was appointed of his person and estate. That clause necessarily related to the voluntary acts of one compos mentis. When the law declared him incompetent and took away his control over his person and estate, it suspended the exercise of the trustees' discretion dependent on such conduct and life, until he should be judicially declared of sound mind. The learned counsel for appellant, in his counter statement, gives this clause of the codicil too broad a scope. It is not a general and absolute authority in

the trustees to pay part or all of the income of the fund to the cestui que trust or to apply the same in whole or in part for his maintenance and support as they in their discretion may see fit, but rather a discretion to pay part or all of the income, depending upon his conduct and life; and if that is irreproachable, the duty is to pay all. Erisman v. Directors of Poor, 47 Pa. 509; Harrar's Est., 244 Pa. 542.

Nor do we agree that the Legislature has not the power to provide by statute that a trust fund, whether spendthrift or not, shall be liable thereafter to attachment execution or writ in the nature thereof, against the beneficiary for life of said fund, to enforce an order, decree or judgment requiring him to pay money accruing after the passage of said Act, for the support of his wife or children or both; and to make its provisions retroactive so as to apply to trusts created before, as well as after, the approval of the Act. The Act of 1921, supra, does not relate to penal matters; it impairs no contract: Swartz v. Carlisle Boro., 237 Pa. 473; Brearley School v. Ward, 201 N. Y. 358, 94 N. E. 1001. No vested rights of any one are violated or infringed by such action except the right of a man to escape his duty of support to his wife and children; and that is not a right at all such as the law insures against invasion or control. The State, by virtue of its police power, has the right to declare that the duty of support of one's family is paramount to all such restrictions over the estate enjoyed by one of its citizens, however created; just as the State can require such a trust fund to reimburse it for the support and maintenance furnished to the beneficiary for life after the creation of said trust, notwithstanding provisions in the will declaring it to be a spendthrift trust: Walters' Case, 278 Pa. 421. If the State has power to declare such a trust liable to pay a claim incurred in the beneficiary's own maintenance and support, it can de-

clare it liable for the support of his wife and children —his duty as respects their maintenance and support being clear: Decker v. Poor Directors, 120 Pa. 272, 278. The fact that the State has declared a man's wilful neglect to maintain his wife or children to be a misdemeanor (Act of March 13, 1903, P. L. 26), is proof positive that the subject is within the police power of the Commonwealth. Decisions of the Supreme Court and of this court made before there was any legislation on the subject, or before the legislation was extended so as to apply to income thereafter accruing from trusts previously created are no longer controlling.

The difficulty in the way of appellant's case is threefold. (1) There is nothing in the record before us to show that the judgment obtained by the plaintiff against the defendant, which formed the basis of this attachment, was entered by virtue of any order or decree requiring defendant to pay any sum or sums for the support of his wife. (2) Even if such is the fact, the order, decree or judgment was not made or entered by a court of this Commonwealth and the Act of May 10, 1921, supra, clearly has reference to the powers of the Courts of this State and was enacted for the protection and relief of its own inhabitants who otherwise might become a public charge. By its provisions the court which makes the order or enters the decree or judgment for support—whether the Quarter Sessions, Common Pleas, Municipal Court or County Court,— is authorized to issue the appropriate writ of execution or attachment execution, etc. (3) At the time this attachment was issued the right to collect the income of the trust fund, accruing and accrued, had passed from the ·defendant to his committee in lunacy, who was not made a party to the proceeding by suggestion of record: Hulings v. Laird, 21 Pa. 265.

We are aware that this opinion runs counter to the

decision of the Orphans' Court of Lackawanna County, rendered August 9, 1915, and not appealed from; but that decree was adjudicative only of the fund then being distributed. It made no award or disposition of the income then accrued other than to the trustees under the will and does not preclude a decree in conformity herewith.

For the reasons above stated the order is affirmed.

PORTER, J., concurs in the judgment.