## Everhart's Estate.

95

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Alfred N. Keim,* with him *Carroll R. Williams* and *W. S. Diehl,* for appellant.—Power, discretion and authority of trustees to pay or withhold income to Edwin E. Everhart are abrogated by the lunacy of beneficiary arising subsequent to the death of the testator: Everhart v. Everhart, 87 Pa. Superior Ct. 184.

Title and ownership of income, current and accumulated, vested in beneficiary, Edwin E. Everhart, under the will of Isaiah F. Everhart, deceased: Earp's App., 28 Pa. 368; Nirdlinger's Est., 290 Pa. 457; Ruddy's App., 20 W. N. C. 241; Partridge's Est., 241 Pa. 158; Baeder's Est., 190 Pa. 606.

*H. W. Mumford*, of *Welles, Mumford & Stark*, with him *Townsend, Elliott & Munson*, for appellee.—This discretion should be exercised by the trustee named by the testator and creator of the trust: Wilson's Est., 2 Pa. 325; Ruddy's App., 20 W. N. C. 241; Pleasonton's Est., 232 Pa. 381.

The right of property in respect of the income from the spendthrift trust in the hands of the trustee, is the right of the testator and not the right of the beneficiary: Thackara v. Mintzer, 100 Pa. 151; Board of Charities v. Lockard, 198 Pa. 572; Com. v. Thomas, 65 Pa. Superior Ct. 275.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 18, 1929:

This appeal involves construction of the will of Isaiah F. Everhart, who died May 26, 1911, a widower, leaving as his sole surviving issue a son, Edwin E. Everhart. After the death of testator, this son was adjudged a lunatic, and is now confined in the Bloomingdale Asylum at White Plains, New York. The County Trust Company of White Plains, New York, is the committee of the person and estate of Edwin E. Everhart, and the appellant in this case. The appeal is from an order of the court below denying the application of the committee to have certain accumulated income paid to it, to be used for the living expenses and benefit of the lunatic. The position assumed by the court below in denying the application is tersely put, at the end of its opinion, thus: "The trustee and not the committee......, is entitled to

hold and disburse the income for the benefit of the cestui que trust."

The will of decedent provides for Edwin E. Everhart, first, in the second clause thereof, by gift directly to him of "$100,000, to be held in trust by the Provident Life & Trust Co. of Philadelphia, Pa., the income of which is to be paid to him quarterly for his support during his natural life"; next, in the nineteenth clause, by a provision that, after the death of Edwin E. Everhart, the income of the fund in question shall be paid for the support of his child or children; and, at this point, testator again speaks of the $100,000 devise, as one to his son, on which "the income" is "to be paid *to him* quarterly for his support." (The italics are ours.) A codicil provides as follows: "I hereby ratify and confirm the bequest for the benefit of my son Edwin E. Everhart, contained in the second and nineteenth clause of my said will, with the following modifications, to wit: I give and bequeath the sum of $100,000.00 dollars there mentioned to my trustees, to be held by them in trust to pay the income thereof to, or for the benefit of my said son, in quarterly payments, but with absolute power, discretion and authority to said trustees whether they pay any part of or all of said income, such payment to depend upon his conduct and life."

The body of the will contains another reference to Edwin E. Everhart, which throws light on what testator meant by the expression "conduct and life." The provision in question states: "My son Edwin E. Everhart having conducted himself in a manner which meets with my disapproval and having shown himself regardless of the responsibilities and duties of his position in life," etc. This, to our mind, signifies that testator meant by "conduct and life," conduct by Edwin E. Everhart showing a disregard of his position in life.

The paragraph of the will which contains the indication to which we have just referred, after stating certain penalties which the devisee would suffer if he endeav-

ored in any manner to disturb his father's testamentary dispositions, ends by a recognition that the income of the $100,000 set aside for the benefit of Edwin E. Everhart belonged to him. As to this, the testator said: "In case he [the devisee] does not observe truly these instructions......my trustees......may retain all or any part of *his income,* which shall revert to my residuary estate." (The italics are ours.)

The same general question now before us, as to whether the committee is entitled to an award of the income from the fund here involved, was passed upon by our Superior Court, in Everhart v. Everhart, 87 Pa. Superior Ct. 184, 188, where, in disposing of a foreign attachment against accumulated income from the same fund, the court correctly held that the testator, in another clause of his will, not necessary to quote, had subjected this fund and all other funds held under the will to spendthrift restrictions, but that, subject thereto, the income on the fund in question belonged to the devisee, saying in this regard: "The income of the fund, even though withheld and not paid, on account of Edwin E. Everhart's bad conduct, is bequeathed to him, and upon his conduct becoming exemplary is payable to him...... The trustees have power to withhold it if his life and conduct are not proper, but they cannot divert it from the person to whom it was bequeathed...... The codicil, when considered in connection with the second and nineteenth clauses of the will, which it specifically ratifies and confirms, makes this plain...... The power, discretion and authority in the trustees to pay or withhold income, dependent on Edwin E. Everhart's conduct and life, ceased as soon as he was judicially declared a lunatic and a committee was appointed of his person and estate. That clause necessarily related to the voluntary acts of one compos mentis. When the law declared him incompetent and took away his control over his person and estate, it suspended the exercise of the trustees' discretion, dependent on such conduct and life, until he

should be judicially declared of sound mind......
[There is no] general and absolute authority in the trustees to pay [or not to pay] income......to the cestui que trust, or to apply the same in whole or in part for his maintenance and support as they in their discretion may see fit, but rather a discretion to pay part or all of the income, depending upon his conduct and life; and, if that is irreproachable, the duty is to pay all."

The above excerpts from the opinion of the Superior Court sufficiently cover the question now before us, and we need add thereto only the observation that, while the will provides what shall happen, on the death of Edwin E. Everhart, to the corpus of the fund set aside for his benefit, there is no gift over at his death of unexpended income; this is another recognition of the fact, shown by the will, that, subject to the discretion vested in the trustees to withhold the income under certain circumstances, it belonged to the cestui que trust, and that it is not subject to any absolute power on the part of the trustees which enables them, under present circumstances, to withhold the income here in question from the named beneficiary or his committee. See Act of April 13, 1868, P. L. 94, and the Fiduciary Act of June 7, 1917, P. L. 447, section 58, subdivision (g).

The decree of the court below is reversed, and it is directed that a decree be entered in accordance with the views expressed in this opinion; costs to be paid out of the fund for distribution.