Smith's Estate.

510

*A. Carson Simpson* and *Brown & Williams*, for exceptions.

*Robert F. Irwin* and *John B. Gest*, contra.

STEARNE, J., May 2, 1930.—The exceptions relate to the ruling of the Auditing Judge in awarding a distributive share free from an assignment made by the distributee to his wife, for the benefit of herself and their children, because such assignment was in violation of the spendthrift clause in the will.

We have carefully reviewed the record and are convinced that the Auditing Judge was correct in his ruling.

Precisely the same question was decided adversely to the exceptant by this court in Schmidt's Estate, 5 D. & C. 470. We declined to recognize an assignment by a husband to his wife for the benefit of his children, where such assignment was in violation of a spendthrift clause. All of the principles herein involved were carefully considered by Judge Van Dusen in his adjudication, and by Judge Lamorelle in the opinion of the court dismissing the exceptions, and we deem it unnecessary to repeat what was so accurately and comprehensively stated therein.

Two cases are relied upon by exceptant to sustain her contention: Hall's Estate, 248 Pa. 218, and Moorehead's Estate, 289 Pa. 542. The former case has no application because the court found that the spendthrift limitations were intended to apply only to income and not to principal. The latter case involved an order for support issued from a court of record of this Commonwealth. The language of the spendthrift trust, coupled with the attending circumstances, led the court to the conclusion that there was no intention on the part of the testator to exempt the grandson's share from the support of the wife. We are of opinion that the principles in Moorehead's Estate have no application, under the circumstances, to the present case.

There are two other reasons why the exceptions should be dismissed. It is argued that the assignment is equivalent to an order for support. By analogy, we are asked to enforce the provisions of the 19th section of the Wills Act, and of the Act of May 10, 1921, P. L. 434, which, in effect, strike down testamentary spendthrift provisions, in protection of the support of a wife and child. The record discloses, however, that the wife and children are residents of the State of California. Everhart *v.* Everhart, 87 Pa. Superior Ct. 184, decides that these statutory provisions have reference only to the protection and relief of citizens of this state who might otherwise become a public charge.

Our examination of the assignment fails to convince us that it is a provision for the support of the wife and children. The expressed purpose is "of forever settling their [*i. e.*, husband and wife] property rights." Property standing in either name is declared to be the separate property of each. The husband then agrees to convey and does assign the one-half interest in all his property, both in possession and expectancy, to the wife for the purposes as therein expressed. It is provided that in the event of divorce such provision shall be in lieu of alimony, and be deemed a property settlement. Manifestly, such an agreement cannot be held to be a support provision analogous to a court order for proper maintenance and support under our statute.

It may very well be that the separate and individual estate of the wife referred to by the agreement may have been sufficiently ample to have precluded any support order whatever from any court of competent jurisdiction. The exceptions are dismissed and the adjudication confirmed absolutely.