## Lippincott v. Lippincott et al.

*E. C. Shapely Highley*, for plaintiff.
*Duane, Morris & Heckscher*, for defendants.

GORDON, JR., P. J., December 7, 1936. — This is a motion by the garnishee to quash a writ of foreign attachment on the ground that the affidavit of cause of action

and statement of claim fail to show any property of defendant in the hands of the garnishee which is subject to attachment. Plaintiff is a resident of California, and is the wife of defendant, who is also a resident of that State. The suit is brought by plaintiff to recover arrearages of $1,855 due from defendant upon two judgments, in the nature of orders for support, which she has secured against her husband in the courts of California, and the property which plaintiff seeks to attach consists of an income of approximately $150 a month from a spendthrift trust, established by defendant's mother, and in which he is the beneficiary and the garnishee is the trustee. The spendthrift clause of the trust provides that "so far as may be permissible in law" the income and principal of the trust "shall not be in any way or manner subject or liable to . . . anticipation, sale, pledge, debts, contracts, engagements or liabilities, and shall not be subject or liable to attachment or sequestration under any legal or equitable or other process."

The garnishee contends that, although the Act of May 10, 1921, P. L. 434, 48 PS §136, partially destroys the validity of spendthrift trusts as against claims by resident wives for support, by subjecting 50 percent of the husband beneficiary's interest to execution on orders for support imposed by courts of this State, such trusts are still valid in Pennsylvania against the claims of nonresident wives, and hence that the spendthrift trust in this case is valid and cannot be attached at the suit of this plaintiff. In support of this contention the garnishee relies upon the case of Everhart v. Everhart, 87 Pa. Superior Ct. 184, decided in 1926, in which a nonresident wife brought an action in foreign attachment upon an order for support obtained against her husband in the State of New York, and attached his interest in a spendthrift trust in this jurisdiction. The Superior Court sustained the lower court's refusal of judgment against the garnishee, holding that the Act of 1921, supra, was enacted for the protection and relief of inhabitants of Penn-

sylvania who might become public charges; that it merely enables a court of this State to issue, on its own order for support, the appropriate writ of execution against a husband's interest in a spendthrift trust, and hence that the act does not invalidate such trusts in the case of claims based upon orders or judgments issued by foreign courts.

It is true that before the passage of the Act of 1921 it had been uniformly held in Pennsylvania that spendthrift trusts were valid as to all claimants against the beneficiary, including wives and children. However, in 1927, a year after the decision of the Superior Court in Everhart v. Everhart, supra, the Supreme Court held, in Moorehead's Estate, 289 Pa. 542, in which a resident wife was plaintiff, that spendthrift trusts are against public policy and void as to claims for support by wives and children of the beneficiary. This case was followed by the case of Thomas v. Thomas et al., 112 Pa. Superior Ct. 578 (1934), in which the Superior Court held that Moorehead's Estate, supra, had changed the law in Pennsylvania as to spendthrift trusts, and that they are no longer protected against claims of this character by deserted wives and children. In the Thomas case, the wife brought a bill in equity against her husband and the trustee of the estate in which he was interested, to subject 50 percent of his interest to her claims for support. The wife had been deserted by the husband in New York, where they had always lived, but at the time the bill was filed she had become domiciled at a hotel in Philadelphia. The lower court had refused to dismiss the case for want of jurisdiction, and from that action defendants appealed. In sustaining the action of the lower court, Judge Stadtfeld said (p. 588) :

"Can a deserted wife reach property held under a spendthrift trust for her husband? The lower court, relying on Moorehead's Estate, 289 Pa. 542, held that she could, without regard to the remedial provisions of the act of May 10, 1921, P. L. 434. . . .

"The decision in Moorehead's Estate was based upon three independent grounds: (1) It was not the intent of the testatrix to bar the deserted wife; (2) To do so would be contrary to public policy; and (3) the obligation of a husband is not based on any contractual relation; it is a fundamental duty. In that case the orphans' court granted an injunction until the petitioner could enforce her rights in the common pleas court.

"Moorehead's Estate is cited in the Restatement of the law of Trusts, Tentative Draft No. 2, Sec. 153, page 48 and Explanatory Note thereto, page 124, as holding that 'the interest of the beneficiary of a spendthrift trust may be reached by his wife for support.'

"To the extent that the cases prior to the decision in Moorehead's Estate differ therefrom, the former must be considered as overruled. It is a step in the right direction and consonant with public policy and good morals.

"Independent of the act of 1921, we believe, as indicated supra, that the lower court did not err in discharging the rules to dismiss the bill of complaint for want of jurisdiction."

The foregoing decisions of our appellate courts have finally settled the modern law of Pennsylvania upon the subject under consideration, and spendthrift trusts are now definitely determined to be void and against public policy as to the claims of wives and children. The garnishee argues, however, that, since the plaintiff wives in Moorehead's Estate, supra, and Thomas v. Thomas et al., supra, were residents of Pennsylvania, while the wife in the Everhart case, which denied access by foreign attachment to a spendthrift trust, was a nonresident, the exact point here raised has never been decided, that the latter case governs the one before us, and that such trusts are still valid in Pennsylvania as to nonresident wives. The difficulty with this argument lies in the fact that, in the Everhart case, plaintiff invoked the Act of 1921, and that the decision was, therefore, confined to an interpretation of that act. In the two later cases, however, the remedial

Act of 1921 was ignored, and it was held that, independent of that act, such trusts are void as to wives and children, and that they can resort to any apt form of action to assert and secure their rights. The Everhart case dealt with a matter of remedy only, whereas the other cases dealt with the substantive law governing spendthrift trusts.

This being so, we think it follows in this jurisdiction that a nonresident, as well as a resident, wife can reach her husband's interest in a spendthrift trust. If, as now settled, such a trust is void as against the claims of a wife, it would be a narrow conception indeed of the public policy which denounces it as immoral to hold that the mere residence of the wife can remove the taint in the instrument. A wife's right to support exists wherever she may reside, and decisions, some of which protect the fundamental rights of wives, while others, by denying them, assist husbands in refusing or neglecting to perform their correlative fundamental duties, cannot be reconciled either in reason or good morals upon any such irrelevant basis as that of residence.

For the foregoing reasons, we think that plaintiff can reach the spendthrift trust of which her husband is the beneficiary in this action. In so holding, however, we do not determine the extent to which the husband's interest in the trust is liable to the wife's suit. That question will arise later in the proceeding, when and if a judgment is recovered by her, and execution is issued thereon. It will be sufficient to point out at this time that, since the Act of 1921 subjects the husband's interest to the claims of his wife only to the extent of 50 percent thereof, it may be that a more accurate statement of the public policy of this State is that such trusts are void to the extent of only one half of the husband's interests. Public policy is to be gathered from a consideration of both the written and unwritten law as interpreted and declared by judicial decision. Construing, on the one hand the decisions referred to above, in which spendthrift trusts are denounced as void and against public policy, and on the other the

Act of 1921, which expresses the legislative intent to limit access by wives to such trusts to 50 percent of their husbands' interests, it may well be that the public policy of the State so limits the validity of such trusts. To hold otherwise would be to produce the incongruity of enabling foreign wives to reach the whole interest, and restricting resident wives to half the interest. This question, however, will not be before us for decision unless the case reaches the stage of execution on any judgment that may be recovered against defendant, and for this reason we expressly withhold any final decision of that question.

The motion to quash the writ of foreign attachment is overruled.