McManus Estate.

Argued November 17, 1948. Before MAXEY, C. J.,
DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Maurice Bower Saul,* with him *Robert W. Sayre*
and *Saul, Ewing, Remick & Saul,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY MR. JUSTICE DREW, January 11, 1949:

This is an appeal by Charles J. McManus, residuary legatee under the will of his father, Charles A. McManus, deceased, from a final decree which, inter alia, awarded to the estate of testator's daughter, Mary, now deceased, the accrued income from a trust created by him in her favor.

. Testator executed his will on October 10, 1925, and died fifteen days later. By its Eighth paragraph, he gave to his trustees "a sum sufficient to produce a net yearly income of Ten thousand Dollars, which net yearly income is to be expended for the maintenance and support of my daughter, Mary S. McManus, for and during the term of her natural life . . . On the death of my daughter, the said Mary S. McManus, I direct my Trustees of the Trust last above created to pay the principal thereof and any accumulation of income therefrom as follows:— . . . [here is set forth specific legacies totalling $50,000] . . . If after the payment of the above legacies there be any balance remaining in the Trust last above created, I direct my Trustees to pay one half of said balance to my son, the said Charles J. McManus, . . . I further direct my Trustees to pay the remaining one half of any balance of said Trust to my son, the said Frank Sees McManus . . ."

At the time the will was executed, Mary, aged forty-one years, was hopelessly and permanently incompetent, being physically incapacitated from earliest childhood, and in November, 1925, was adjudged weak minded. The Orphans' Court, in its adjudication, filed in 1926, after the audit of the account of the executors of testator's estate, awarded the sum of $250,000 to this trust in favor of Mary in order to produce a net annual income of $10,000. This sum actually produced a yearly income of more than that amount. The excess was placed in a

separate account by the trustees and with that account we are not here concerned. The trustees expended annually for the necessary support and maintenance of Mary less than $10,000 and they placed the unexpended portion of the $10,000 in another account. At the time of Mary's death on May 29, 1947, there had accrued in this latter account the sum of $96,911.81, and at the audit of the final account of her trustees, the court below awarded this sum to the administrators of her estate.

Appellant argues that Mary had no vested interest in such accrued income since the wording of the will, considered in the light of the fact that at the time of its execution, she was hopelessly incompetent physically and mentally, shows an intention of testator not to give her a vested interest but to entitle her only to reasonable and comfortable support and maintenance during her lifetime. From this contention, appellant concludes that the unexpended portion constitutes an accumulation of income prohibited by Section 9 of the Act of April 18, 1853, P. L. 503,[1] and as such is payable to him as residuary legatee under the will.

We are convinced that appellant's contention is without merit and that the learned auditing judge correctly concluded "that the unexpended portion of the $10,000 yearly income (the sum testator expressly desired raised annually and 'expended' for the support and maintenance of the daughter) passes to the personal representatives of the daughter's estate." Nothing need be added to the following statement of the learned court en banc in affirming this action of the auditing judge: "The will gives to trustees 'a sum sufficient to produce a net yearly income of Ten thousand Dollars, which net yearly income is to be expended for the maintenance and support

---

[1] This section of the statute prohibits accumulations "for any longer term than the life or lives of any such grantor or grantors, settler or settlers, or testator, and the term of twenty-one years from the death of any such grantor, settler, or testator. . . ."

of my daughter Mary.' In our opinion this is a gift of the income to Mary, but with power in the trustees to expend it for her. When we learn that Mary was an incompetent person, at the time the will was made, the purpose of this power becomes clear, to wit: that the trustees are virtually to be her guardians so far as the testator's provision for her is concerned. It is not committed to the discretion of the trustees to determine how much of the income shall be expended, and there is no gift of unexpended income. The direction is 'which net yearly income is to be expended' for Mary; and this makes all the income Mary's property. In Kelly's Estate, 10 D. & C. 808, there was a gift of $25,000 'in trust for my daughter Louisa Kelly to collect all the income arising therefrom, and after deducting their charges, to apply the net income accruing therefrom to her maintenance and support during her natural life.' It was held that the entire income belonged to the daughter. The only difference between that case and the present case is that in the present case, instead of giving the income on a specified principal sum, the will gives a specified amount of income, $10,000. The gift of a specified annual income in the present case is certainly no less indicative of an intention to give the whole income to Mary than the gift of the income on a specified sum in the Kelly case. On the death of the daughter the trustees are to pay the principal 'and any accumulation of income therefrom' to certain named persons. There is no express direction to accumulate, and if any is to be implied, it is void. The income unexpended remains Mary's property, and would go to her personal representatives. As was said in Coffman's Estate (No. 2), 31 D. & C. 93: 'We can only conjecture as to what the testatrix meant by this language. She may have meant, as contended by the charities, that any income in the hands of the trustee, which was not actually distributed at the moment of the life tenant's death, should become part of her residuary

126

estate; she may have meant income due and accrued, but not collected; or she may have meant income accrued but not yet due. And in the absence of language clearly indicating an intent to reduce the absolute life estate previously given and the extent of such reduction, we must follow the accepted rule and hold that the entire income belongs to the life tenant.' "

Decree affirmed. Costs to be paid by the Estate of Mary S. McManus, Deceased.