## Winsor Estate

*Louis M. Childs, 2nd,* and *Townsend, Elliott & Munson,* for accountants.

*Samuel L. Borton,* for executor of Estate of Mary Winsor.

Taxis, P. J., May 1, 1957.—The reason or purpose of the filing of the account now before the court is the death of Mary Winsor, the life beneficiary. The said Mary Winsor died on September 10, 1956, without issue, and leaving a last will and testament on which letters testamentary have been granted by the Register of Wills of Philadelphia County to Darlington Hoopes, the executor therein named. The death of said Mary Winsor ended the trust. . . .

In paragraph 8 of the petition for adjudication, the accountants suggest that, in view of the language of testator in providing, at the death of each daughter, "then in trust to pay over the principal of said estate so held for the one so dying, and any income there-

unto belonging, unto any child or children of hers or issue of deceased child of hers, . . ." that the words "and any income thereunto belonging," denote testator's intention to deprive the deceased life beneficiary's estate of any income accrued and on hand, but undistributed, at the date of her death.

I cannot conclude, however, that the above language supports such an interpretation. The general rule is as follows: "Where property is given in trust to pay the income to a beneficiary for life and on his death to pay the principal to others, such income as has been received by the trustee or has accrued prior to the death of the life beneficiary and has not been paid to him is payable to his personal representatives, unless it is otherwise provided by the terms of the trust": Scott on Trusts, second edition, §235A, citing Moyer Estate, 361 Pa. 18, and McManus Estate, 361 Pa. 122.

It is impossible to tell from the language employed in the present instrument whether testator was referring to income which prior to the life beneficiary's death was (1) actually received by the trustee, or, (2) was presently due to the trustee but had not been collected by him, or (3) had actually accrued but had not as yet become payable to the trustee. In McManus Estate, supra, testator provided that following the death of the life tenant principal and "accumulated" income was to be paid to certain remaindermen. It was held in that case that income which had actually been received by the trustee but which had not been disbursed to the life tenant was payable to the estate of the life tenant. Similarly in Garrett Trust, 70 D. & C. 279, where testator had directed that principal and "accrued" income were to be paid to remaindermen, the court held that undistributed income in the hands of the trustee was to be paid to the estate of the deceased life tenant. Thus in the present case in the absence of language clearly indicating an intent to

reduce the absolute life estate previously given and the extent of such reduction, we must follow the accepted rule and hold that the entire income belongs to the life tenant. See Coffman's Estate (No. 2), 31 D. & C. 93, cited in McManus Estate, supra. To hold otherwise would make ". . . the life tenant's right depend entirely on the action or inaction of others, or their mistakes or fraud. A testator could, of course, so provide; but he who asserts it has a heavy burden to carry": Yates' Estate, 281 Pa. 178. The remaindermen in the present case have not prevailed in carrying this heavy burden. I conclude that accumulated income in the hands of the trustee is payable to the executor of the estate of Mary Winsor, the deceased life tenant.