(No. 15986.—Judgment affirmed.)

W. G. PRESS & CO., Appellant, *vs.* THOMAS F. FAHY *et al.* Appellees.

*Opinion filed October 28, 1924.*

1. DEBTOR AND CREDITOR—*purpose of a creditor's bill.* The purpose of a creditor's bill is to bring into exercise the powers of a court of equity to enforce, by means of an equitable execution, the satisfaction of a judgment at law when execution cannot be had.

2. SAME—*some element of fraud or trust is necessary to creditor's bill in absence of statute.* Chancery will not, in the absence of statute, aid a judgment creditor to enforce his judgment against property incapable of being reached by any common law process unless there is an element of fraud or trust as a ground for equitable relief.

3. SAME—*membership in stock exchange is not subject to levy and sale on execution.* Membership in a board or stock exchange is not property in the broad sense of the term nor within the meaning of section 10 of the statute on executions, is not subject to levy and cannot be sold upon an execution.

4. SAME—*membership in a stock exchange is subject to bankruptcy and pledge.* Membership in a stock exchange, by reason of specific provisions of the Bankruptcy law, is an asset of the bankrupt's estate, and it may be pledged for a valuable consideration, giving the pledgee a lien, without recording the assignment of membership.

5. SAME—*subjecting property to payment of debts is a matter of statutory regulation.* Whether property shall be liable to be subjected to payment of debts by legal proceedings, and if so, in what manner, is purely a matter of statutory regulation.

6. SAME—*interest in non-profit-sharing corporation is not subject to execution.* Section 52 of the statute on executions, providing that the interest of a stockholder in any corporation may be taken and sold on execution, does not include the interests of holders of certificates of membership in corporations not organized for pecuniary profit, as there is no stock in such corporations, and there are, therefore, no stockholders.

7. SAME—*when membership in a livestock exchange cannot be reached by a creditor's bill.* Membership in a livestock exchange, which has been endorsed and delivered as security for an indebtedness in excess of the value of the membership, cannot be reached by a creditor's bill so as to subject it to the payment of a judgment for another indebtedness.

8. Corporations—*rules for membership in a non-profit-sharing corporation must be complied with—equity.* A corporation not for pecuniary profit has a right to adopt rules prescribing the only mode in which membership therein can be maintained, and no one can rightfully claim membership who has not been admitted in the mode prescribed; nor has a court of equity power to compel the corporation to issue a certificate of membership to an applicant who has not complied with such mode.

9. Brokers—*mere ownership of a certificate does not entitle holder to membership in exchange.* The mere ownership of a certificate of membership does not constitute the holder a member of a livestock exchange, nor entitle him to any rights as such, until the owner is admitted to membership, but if his application is rejected he may sell the certificate to some other person who may desire to become a member.

DeYoung, J., took no part.

Appeal from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Ira Ryner, Judge, presiding.

John W. Ellis, and John A. Brown, (William F. Struckmann, of counsel,) for appellant.

Sims, Welch, Godman & Stransky, (Franklin J. Stransky, of counsel,) for appellees.

Mr. Justice Heard delivered the opinion of the court:

Appellant filed a creditor's bill in the circuit court of Cook county, praying that a membership which Thomas F. Fahy had in the Traders Livestock Exchange be applied in payment of a judgment theretofore obtained by appellant against Fahy. Everett C. Brown and Seth B. St. John, co-partners as Brown & St. John, (hereinafter called appellees,) filed an intervening petition in said cause, claiming that the certificate of membership had been assigned to them for a valuable consideration. Upon a hearing the court entered a decree dismissing the bill for want of equity,

from which decree appellant appealed to the Appellate Court for the First District, where the decree of the circuit court was affirmed. A certificate of importance was granted and an appeal allowed by the Appellate Court to this court.

The Traders Livestock Exchange is a corporation not for pecuniary profit, incorporated under the laws of the State of Illinois, its object being to promote and protect all interests connected with the buying and selling of livestock at the Union Stock Yards, in Chicago, to cultivate courteous and manly conduct in the transaction of such business and give dignity and responsibility to yard traders. Its rules provide that any person of good character and reputation engaged in the livestock business at the Union Stock Yards may become a member of the exchange on application in writing, addressed to the board of directors of the exchange, and if the applicant shall receive two-thirds of the votes cast by the directors he shall become a member of the exchange upon signing an agreement to abide by the by-laws and all amendments regularly made thereto and paying the membership fee of $500, upon payment of which a certificate of membership shall be issued, which may be transferred to any person eligible to membership in the exchange upon the holder of the certificate indorsing the certificate as provided in the form on the back thereof. Any person making written application for membership by transfer to the board of directors is required to accompany the application with a $50 transfer fee. If the application is approved by the board he will then be allowed ten days in which to procure membership. If he does not present membership to the secretary for transfer at the expiration of ten days he forfeits the transfer fee to the exchange. If the board rejects the application the transfer fee must be returned to the applicant. In May, 1907, the Traders Livestock Exchange issued a certificate of membership to Thomas F. Fahy, which certificate Fahy on January 17, 1918, indorsed to appellees and delivered it to them

as security for an indebtedness in excess of the then and now value of the Fahy membership in the exchange. This indebtedness has not been paid. June 26, 1920, appellant recovered a judgment against Fahy, which is the basis for the creditor's bill. December 9, 1920, execution was issued, which on December 16, 1920, was returned unsatisfied, whereupon appellant brought this suit.

A creditor's bill may be defined as a bill brought by a creditor who has obtained a judgment at law and has in vain attempted at law to obtain satisfaction and who sues in equity for the purpose of reaching property which can not be taken on execution at law. The nature, purpose and scope of such a bill are to bring into exercise the equitable powers of the court to enforce the satisfaction of a judgment by means of an equitable execution because execution at law cannot be had. The rule is that chancery will not, in the absence of statute, aid a judgment creditor to enforce his judgment against property incapable of being reached by any common law process where there is no element of fraud or trust as a ground for equitable relief. 8 R. C. L. 2; *Addyston Pipe Co.* v. *City of Chicago*, 170 Ill. 580.

A corporation not for pecuniary profit has a right to adopt rules prescribing the only mode in which membership therein can be maintained, and no one can rightfully claim membership who has not been admitted in the mode thus prescribed; nor has a court of equity any power to compel the corporation to issue a certificate of membership to an applicant who has not complied with such mode. (*American Livestock Commission Co.* v. *Chicago Livestock Exchange*, 143 id. 210.) The ownership of a certificate of membership does not constitute the holder a member nor entitle him to any rights as such, and the only way in which he can avail himself of such certificate is by tendering it in lieu of the prescribed initiation fee in case he is admitted to membership, or, in case his application is rejected, then by selling it for a consideration to some other person who

may desire to become a member. (10 R. C. L. 1202.) A membership in an exchange for some purposes and in some aspects is regarded as property, while for other purposes it may be regarded otherwise. Although it is something more than a mere personal license or privilege, it is not property in the concrete or in the broad sense of that term. (10 R. C. L. 1206.) A membership in a board or exchange is not subject to levy and cannot be sold upon an execution. (*Thompson* v. *Adams,* 93 Pa. St. 55; *Pancoast* v. *Gowen,* id. 71; *Lowenberg* v. *Greenebaum,* 99 Cal. 162.) By statutory provision in some of the States membership in a board or exchange can be reached for the benefit of creditors, while in the bankruptcy courts, by reason of the specific provisions of the Bankruptcy law, such a membership is an asset of the bankrupt's estate. (*Hyde* v. *Woods,* 94 U. S. 523.) A membership in the livestock exchange can be pledged, and when, as in this case, the pledge is for a valuable consideration, the pledgee is given a lien and the assignment of the membership need not be recorded. *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531.

At common law, certificates of membership in corporations were merely choses in action and could neither be assigned nor sold to satisfy the debts of the owner. Whether property shall be liable to be subjected to the payment of debts by legal proceedings, and if so, in what manner, is purely a matter of statutory regulation. In this State it is provided by section 10 of chapter 77 of our statutes: "All and singular the lands, tenements, his real estate, goods and chattels (except such as is by law declared to be exempt) of every person against whom any judgment has been or shall be hereafter obtained in any court of record, for any debt, damages, costs, or other sum of money, shall be liable to be sold upon execution, to be issued upon such judgment." A certificate of membership being neither lands, tenements, real estate, goods nor chattels, is not, therefore, liable to be sold upon execution by virtue of this

section. Section 52 of the same chapter provides: "The share or interest of a stockholder in any corporation may be taken on execution, and sold as hereinafter provided," etc. It is evident that this section of the statute has no reference to the interest of a holder of a certificate of membership in a corporation not for pecuniary profit, for the reason that the share or interest for the sale of which provision is made is the share or interest of a stockholder, and under the law of the State of Illinois pertaining to the organization of corporations not for pecuniary profit there is no stock in such corporations and therefore no stockholders. After the passage of section 52 in 1883, this court held in *Weaver* v. *Fisher,* 110 Ill. 146, that under the law of this State as it then stood, a certificate of membership in the board of trade could not be subjected to the payment of debts.

In *Barclay* v. *Smith,* 107 Ill. 349, a creditor by a creditor's bill sought to subject the membership of a member of the Chicago Board of Trade to the payment of his debts, and it was there held that in the absence of a statute making such membership subject to the payment of the member's debts it could not be so subjected by a creditor's bill. That case has never been reversed upon this point and is decisive of the question involved in this case.

Appellant could not by a creditor's bill subject Fahy's membership in the Traders Livestock Exchange, which had been pledged to appellees, to the payment of the execution which it had against Fahy, and the circuit court properly dismissed the bill for want of equity.

The judgment is affirmed.          *Judgment affirmed.*

Mr. JUSTICE DEYOUNG took no part in this decision.