(No. 27456.—
Lucy Belle Dunham, Appellee, *vs.* Clark E. Kauffman *et al.*, Appellants.

*Opinion filed Nov. 19, 1943—Rehearing denied Jan. 13, 1944.*

Sidley, McPherson, Austin & Burgess, and Hopkins, Sutter, Halls & DeWolfe, (Donald F. McPherson, George Ragland, Jr., Albert L. Hopkins, and Donald J. DeWolfe, of counsel,) all of Chicago, for appellants.

Arthur Abraham, of Chicago, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This cause arises upon a complaint in equity to pursue assets of a deceased lessee in the hands of his devisees and legatees.

The suit was filed in the superior court of Cook county by Lucy Belle Dunham, appellee, against the defendants

and garnishees, who are appellants here, on September 25, 1941. The main facts set forth in the complaint and which are not in dispute show that on May 1, 1895, Mary Virginia Dunham, the owner of certain real estate in the loop area of the city of Chicago, as lessor, entered into a ninety-nine year lease with Frederick W. Clark and George T. Clark, as lessees, under the terms of which the lessees agreed to pay a yearly rental for the property in quarterly installments throughout the term of the lease and further agreed to pay all taxes, charges and assessments of every kind and nature levied against the property during the continuance of the lease. By its terms the lease bound the heirs, executors, administrators and assigns of the respective parties.

On February 15, 1928, Mary Virginia Dunham died leaving a last will and testament under the terms of which the real estate in question was devised to the plaintiff, Lucy Belle Dunham, and she was also made the residuary legatee. She thereby succeeded to the position of Mary Virginia Dunham, as lessor, under the lease in question.

George T. Clark, one of the lessees, died March 11, 1918, his estate being probated in Florida and ancillary proceedings being had in the probate court of Cook county. A final account and report of the ancillary executor was approved by the probate court of Cook county on January 3, 1927.

The rentals provided in the lease were all fully paid down to and including the quarterly installment due November 1, 1932. The quarterly installment due February 1, 1933, was not paid nor have any other rentals since been paid on said lease.

Subsequent to the period of administration of the George T. Clark estate there accrued under the terms of the lease, beginning with the quarterly installment of February 1, 1933, rent in the sum of $77,350 together with interest thereon amounting to the sum of $23,457.44,

making a total of principal and interest due of $100,807.44. Delinquent and forfeited real estate taxes during said period of time amount to an additional sum of $35,065.15.

At the times of the deaths of the original lessor and of George T. Clark, the lessee, and during the entire period of the administration, the claims for rent were contingent only. The trustees under the last will and testament of George T. Clark, deceased, for the benefit of the grandchildren and great-grandchildren of Jonathan Clark, father of George T. Clark, deceased, were paid the sum of $148,480.40. The said trustees distributed said sum so that each of the defendants named in the complaint received in excess of the sum of $10,000 from the George T. Clark estate. It is alleged in the complaint that because of the facts above set forth the defendants became liable to the plaintiff to the full extent and value of all property received from said estate for rent and tax arrearages. The complaint then prays for an accounting and asks the court to find the amounts due from each of the defendants to the plaintiff and that judgment be entered thereon.

A few days after the filing of the complaint an affidavit of attachment was filed and an attachment bond fixed and approved by the court. The affidavit stated that the defendants named were indebted to the plaintiff each in the sum of $10,000; that they were all nonresidents of the State of Illinois, living in Florida and Wisconsin. Service was had upon them by publication. As garnishees under the attachment, Edward R. Hills, Gilbert H. Scribner and Shea Smith II, trustees under the last will and testament of Jonathan Clark, deceased, were personally served. Jonathan Clark was the father of George T. Clark.

All of the principal defendants defaulted with the exception of Shea Smith II who answered and in his answer denied any liability, on the ground that the plaintiff had on May 31, 1920, entered into a new lease with the great Northern Majestic Building Corporation, which agreement

was entered into without the consent or knowledge of the original lessees, their heirs, legatees or distributees, and that said new agreement materially changed the terms of the lease to such an extent that no liability continued against the heirs, legatees and distributees of the George T. Clark estate. A reply was filed to this portion of the answer, but no disposition was made thereof.

The plaintiff filed interrogatories, which the garnishees answered, and from which it appeared that at the time of the service of the writ they, as trustees of the Jonathan Clark estate, did not have any moneys, credits or effects distributable to the defendants and that they held the corpus of the trust estate created by the will of Jonathan Clark and that at the end of twenty years from the date of the death of the last surviving child of Jonathan Clark, deceased, the corpus would be distributable, but that the end of the twenty-year period had not as yet arrived.

Answering subsequent interrogatories the garnishees set up certain moneys which were due to the principal defendants from the estate of Jonathan Clark, deceased, but requested instructions from the court as to whether the attachment in the chancery case was valid and as to what their rights and duties were in the premises.

The superior court of Cook county, upon the prayer for instructions filed by the garnishees, found that no judgments had been obtained against any of the defendants named in the writ of attachment in the nature of garnishment served upon said trustees, and ordered that the trustees under the last·will and testament of Jonathan Clark be authorized to forthwith make payments out of said trust to the principal defendants who are the beneficiaries of the trust.

The plaintiff appealed from this order to the Appellate Court for the First District, where the order of the superior court was reversed and the cause remanded. The

appeal now comes to this court on certificate of importance from the Appellate Court.

The appellee in this case relies entirely upon the language of the Attachment Act as authority for an attachment against nonresident defendants. It is her contention that where the defendants are nonresidents, and plaintiff has a money claim against the defendants, attachment will lie irrespective of whether the proceeding is in chancery or at law. It must be kept in mind that the claim of the appellee was contingent when George T. Clark died in 1918 and did not accrue until about the year 1933, when the assignee of the lease defaulted in the payment of rents and taxes; that the principal suit was equitable in its nature; that no judgment ever existed in favor of appellee; that there is no allegation that the defendants do not have sufficient funds in their possession to satisfy a judgment if one is ever obtained and that neither the distributees nor the distributed assets are located in Illinois. No personal judgment could ever have been procured against the principal defendants, upon the merits, since there was no personal service.

Section 1 of the Illinois Attachment Act, as amended in 1935, reads as follows: "That in any court of record having competent jurisdiction, a creditor, having a money claim, whether liquidated or unliquidated, and whether sounding in contract or tort, may have an attachment against the property of his debtor, or that of any one or more of several debtors, either at the time of instituting suit or thereafter, when the claim exceeds $20.00, in any one of the following cases: * * *." Ill. Rev. Stat. 1941, chap. 11, par. 1.

Section 26 of the Attachment Act was amended in 1935 and provides that the provisions of the Civil Practice Act shall apply to proceedings under the Attachment Act except as otherwise provided. Section 44 of the Civil Prac-

tice Act provides that, subject to rules, any plaintiff may join any causes of action, legal or equitable or both, against any defendant or defendants and that legal and equitable issues may be tried together where no jury is employed.

That the complaint filed by the appellee presents a purely equitable claim is manifested by *Union Trust Co.* v. *Shoemaker,* 258 Ill. 564. In that case we held that "Although no action at law lies, or ever did lie, against distributees of personal property, whether legatees or heirs, for a debt of the ancestor, the ancient remedy by a bill in equity for a discovery, if necessary, and an account of assets received applicable to the payment of the decedent's debts, still continues." In that case, however, there was no question of nonresidents or as to whether attachment will lie in a purely equitable proceeding. In fact appellee has cited no case in Illinois where an attachment has been issued on a purely equitable claim in the absence of special statutory authority therefor.

This court has long since established the rule that a mere creditor cannot come into a court of equity to enforce his legal demand. Chancery will not interfere until the plaintiff has obtained his judgment. In order to show that there is no adequate remedy at law, it must appear that there is a judgment at law, execution issued and returned unsatisfied. (*Ladd* v. *Judson,* 174 Ill. 344; *Hart* v. *Oliver,* 296 Ill. 209; *Press & Co.* v. *Fahy,* 313 Ill. 262.) As to the questions under consideration we do not feel that the amendments to the Attachment Act or the adoption of the Civil Practice Act have eliminated the distinction between actions in equity and suits at law. In *Frank* v. *Salomon,* 376 Ill. 439, this court held that, although section 31 of the Civil Practice Act provides that there shall be no distinctions respecting the manner of pleading between actions at law and suits in equity, this section does not in any way affect the substantial averments of fact necessary to start any cause of action either at law or in equity; that

the second paragraph of section 44, providing that any cause of action may be transferred at any time from the law docket to the equity docket, and *vice versa*, demonstrates that it was not the legislative intent to abolish substantive distinctions; that considering the provisions of the Civil Practice Act it was the obvious intention to do away with forms of pleading but to preserve separate procedure in law and in equity.

In earlier cases in Illinois, it was held that there is no such thing as equitable attachment. (*Phelps* v. *Foster,* 18 Ill. 309; *Shufeldt* v. *Boehm,* 96 Ill. 560.) The late changes in the Attachment Act do not change that rule.

In the State of Missouri the code has abolished formal distinctions between suits at law and in equity, but the Supreme Court of that State has ruled that the real distinctions between law and equity still exist. It has held consistently that "the statutory processes of garnishment particularly where based upon a writ of attachment, being a purely legal process cannot issue in aid of a suit in equity." *State ex rel.* v. *Harris,* 159 S. W. (2d) (Mo.) 799.

In Illinois the real distinction between law and equity still exists and there is no authority for issuing a writ of attachment in an equity proceeding based upon facts and circumstances such as appear in this case.

Section 49 of the Chancery Act provides for the filing of a bill in chancery, after return of an execution unsatisfied, to compel the discovery of any property or assets belonging to the defendant, "and of any property, money, or thing in action due to him, or held in trust for him, * * * except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself." Ill. Rev. Stat. 1941, chap. 22, par. 49.

The case of *Baumgarden* v. *Reconstruction Finance Corp.* 131 Fed. (2d) 741, in construing section 49, held that the statute impliedly prohibits garnishment proceed-

ings against a trustee of a trust created by a person other than the beneficiary. That court said that the statute which was amended to authorize administrators and executors to be summoned as garnishees, but which did not expressly authorize the garnishment of a trust fund, would preclude trustees from being subject to such garnishment.

The answers to the interrogatories in the present case show conclusively that the trust was created in good faith by the grandfather, Jonathan Clark, and that the trust fund did not proceed from the principal defendants.

For the reasons advanced we believe there is a lack of specific statutory authority for the issuance of an attachment in aid of a purely equitable suit prior to judgment, and that section 49 of the Chancery Act prohibits the tying up of trust funds under the circumstances shown by the record in this case. The judgment of the Appellate Court is therefore reversed and the order of the superior court of Cook county is affirmed.

*Judgment of Appellate Court reversed.*
*Order of superior court affirmed.*