ROBERT D. MACDONALD, Plaintiff-Appellee, v. MARCELLUS N. JOSLYN, Defendant—(ROBERT F. DOLAN et al., Garnishees-Appellants.)

ROBERT D. MACDONALD, Plaintiff-Appellee, v. MARCELLUS N. JOSLYN, Defendant—(KENNETH R. PARKER, Individually and as Trustee, Appellant.)

ROBERT F. DOLAN et al., as Trustees, Plaintiffs-Appellants, v. ROBERT D. MACDONALD, Individually and as Trustee, et al., Defendants-Appellees.

(Nos. 57546-48 cons.;

First District (2nd Division)—January 8, 1974.

*Rehearing denied February 14, 1974.*

Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago (William P. O'Keefe, Frederic O. Floberg, and William M. Freivogel, of counsel), for appellants.

Mayer, Brown & Platt, of Chicago (Lee N. Abrams and James S. Stanhaus, of counsel), for appellees.

Daley, Reilly and Daley, of Chicago (Michael Daley, of counsel), guardian *ad litem* for Lysbeth Drenick *et al.*

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

Marcellus Lindsey Joslyn died in California in 1963. His will named plaintiff-appellee, Robert D. MacDonald (hereinafter MacDonald) executor of the estate and trustee of various testamentary trusts created for the benefit of the testator's grandchildren and great-grandchildren. Marcellus Newell Joslyn (hereinafter Marcellus), one of four children of Marcellus Lindsey Joslyn, brought suit to contest his father's will. That litigation was resolved against Marcellus. Thereafter, MacDonald filed one suit individually and one suit as executor and testamentary trustee against Marcellus. Each suit alleged that the will contest constituted malicious prosecution. Default judgments in the amounts of $173,052.71 and $796,717.75 respectively were entered against Marcellus. These judgments were affirmed on appeal.

MacDonald registered both California judgments in the Circuit Court of Cook County. Judgment was entered on the individual judgment on 3 March 1969, and judgment on the representative judgment was entered on 7 April 1969. Executions were issued and returned not served. Thereafter, citations to discover assets were directed to Marcellus and his wife. Neither Marcellus nor his wife appeared on the date assigned for examination, and each citation proceeding was continued.

Garnishment summonses were issued and served on one Robert Dolan and one Kenneth Parker. Kenneth Parker was also served with a citation summons. These men were cotrustees of two *inter vivos*, nonspendthrift trusts which had been created in 1935 by Marcellus Lindsey Joslyn and his wife.[*] Each trust had the same four beneficiaries, one of whom was Marcellus. Under the terms of the trust which relate to Marcellus, the trustees are directed to pay over in quarterly installments, or more fre-

---

[*] MacDonald is also a cotrustee of these two trusts, but has been suspended from that position pending the conclusion of this litigation.

quently in their discretion, the net income from the Marcellus Newell Joslyn fund to Marcellus for and during his lifetime.

Thereafter, Parker and Dolan filed a petition in the Chancery Division seeking, in part, instructions as to their duties with respect to the attempts by MacDonald to satisfy the two foregoing judgments out of accumulated income absolutely due and owing to Marcellus, but still being held by the trustees because of their inability to locate Marcellus and pay him the money which had accumulated. The trust instruments themselves do not empower the trustees to accumulate income. The amount which has accumulated is in excess of $800,000.

Subsequently, the two ancillary proceedings and the petition for instructions were consolidated in the Chancery Division. During the course of the consolidated action, Parker moved to dismiss the citation proceeding and, in conjunction with Dolan, moved to dismiss the garnishment proceedings. The ground advanced for the requested dismissals was that the accumulated income was protected by the exception contained in section 49 of the Chancery Act (Ill. Rev. Stat. 1969, ch. 22, par. 49, set out *infra*). MacDonald, on the other hand, filed a motion for an order directing Marcellus to assign his right to the accumulated income to MacDonald, and authorizing MacDonald to maintain an action against the trustees so indebted to MacDonald.

On 14 February 1972, the trial judge entered an order denying the relief prayed for by Parker and Dolan and granting the relief prayed for by MacDonald. The legal basis for the order was that the trial judge did not view the accumulated income then being held by the trustees for Marcellus as being "property or money * * * held in trust" for Marcellus within the meaning of the exception in section 49. Parker and Dolan appeal from that order.

OPINION

The dispositive issue on this appeal is whether the accumulated income from the two 1935 trusts now being held by the trustees for Marcellus is protected from the claims of the judgment creditor of Marcellus by the exception contained in section 49 of the Chancery Act. (Ill. Rev. Stat. 1969, ch. 22, par. 49.) Section 49 provides, in pertinent part:

> "Whenever an execution shall have been issued against the property of a defendant * * * the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery * * * of any property, money, or thing in action * * * held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, *except when such trust has, in good faith, been created by, or the fund so held*

*in trust has proceeded from, some person other than the defendant himself.* The court shall have power  *  *  *  to decree satisfaction of the sum remaining due on such judgments, out of any personal property, money or things in action or belonging to the defendant, held in trust for him, with the exception above stated  *  *  *." (Emphasis added)

We are of the opinion that, in light of the facts that: (1) the trust instruments do not give the trustees the power to accumulate income; (2) the income is absolutely due and owing to the beneficiary; and (3) these trusts are not spendthrift trusts, the accumulated income in question does not come within the exception contained in Section 49 of the Chancery Act. In reality, the only reason for the accumulation of income in the case at bar is the failure of the beneficiary to make his whereabouts known to the trustees so that they can pay the money to him; and his whereabouts have remained and remain unknown to the trustees, despite the efforts of the trustees to discover them. The judgment debtor's conduct in the present case has the same practical effect as that of the judgment debtor's conduct in *Crane v. Illinois Merchant's Trust Co.* (1936), 238 Ill.App. 257.

In *Crane,* the beneficiary of a trust created by a third party entered into an agreement with the trustee in respect of the trust corpus, which was about to become absolutely due and payable to the beneficiary by reason of the termination of the trust under its own provisions. The agreement was to extend the provisions of the trust for one year, and the purpose of the agreement was to attempt to place the corpus of the trust beyond the reach of the beneficiary's judgment creditors for that extended time. We held the scheme fraudulent as to the judgment creditors and void. It is apparent that, under the agreement, the beneficiary had, in effect, made himself the settlor-beneficiary of a new trust created by himself.

■■ Here, by his absence and his refusal to take part in this litigation, Marcellus has unilaterally compelled the cotrustees to become cotrustees of a new trust of which Marcellus is the settlor-sole beneficiary, which arrangement, whether intended or not, is having the effect of hindering and obstructing his judgment creditors. Therefore, we hold that the accumulated income in question does not constitute a trust or fund which has proceeded from some person other than the defendant himself and is not protected by the exception in section 49, but rather falls squarely within the principal provisions of that section.

Appellants rely primarily on the decision of the Illinois Supreme Court in *Binns v. LaForge* (1901), 191 Ill. 598, 61 N.E. 382, to support their contention that the funds in question are protected by the exception in

section 49. *Binns* involved a bill in chancery by certain executors as trustees of a testamentary trust created under the will of one Garrett LaForge, under the provisions of which the executors as trustees were to pay the total income of the trust to one Gertrude Talbot yearly for life. The executors as trustees sought a determination of rights as between the beneficiary, an equitable assignee of the beneficiary, and various judgment creditors of the beneficiary. The lower court, without express reference to section 49, found that the trust had been created for the support and maintenance of the beneficiary and ordered that an amount which it deemed sufficient for that purpose be exempted from the claims of the judgment creditors and of the assignee. The surplus balance of the income, if any, was held subject first to the prior-in-time claim of the assignee and then to the claims of the judgment creditors. On appeal by one of the judgment creditors seeking to establish the priority of his claim over those of the other judgment creditors, the Supreme Court affirmed.

It is our opinion that *Binns* is not on point. The apparent reason for the exemption by the lower court was the lower court's finding that the trust had been created for the support and maintenance of the beneficiary and her family. There has been no such finding in the case at bar. Neither is there anything in the trust instruments before us which places any limitation on the right of the beneficiary to receive the total income from the trust quarterly. Moreover, in subjecting the surplus balance (which was still the property of the judgment debtor) to the claims of the judgment creditors, the *Binns* decision reaches the very result which the cotrustees in the instant case seek to avoid. *Binns*, therefore, is not authority for the proposition advanced by appellants.

■■ On the contrary, *Binns* suggests a basis for an additional reason why the exception in Section 49 is not applicable to the facts of the present case. The Supreme Court in *Binns* explained the nature of a trust created by a third person and protected by the exception in Section 49 by quoting from *ReQua v. Graham* (1900), 187 Ill. 67, 70, 58 N.E. 357. There it was stated (referring to cases protecting such trusts) that the decisions in such cases

> "\* \* \* 'rest in a large part upon the distinct ground that a creditor is not defrauded and therefore has no cause of complaint, because the owner of property, in the free exercise of his will, so disposes of it that the object of his bounty, who parts with nothing in return, has a sufficient income provided for and applied to his life support.' "

Inasmuch as the 1935 trusts involved in the instant case are neither spendthrift nor support trusts, the owner's intent as to the disposition of his

property can be regarded as having been completely effectuated as of the time when the income by the terms of the trust became absolutely due and payable to the beneficiary. Since the purpose of the exception in section 49, as construed in *ReQua v. Graham*, has been fulfilled, the exception has become a spent arrow and is no longer applicable.

For the foregoing reasons the trial court's order is affirmed.

Our decision renders it unnecessary for us to consider the other points raised by appellants.

Order affirmed.

STAMOS and LEIGHTON, JJ., concur.