JANET I. DINWIDDIE, Plaintiff-Appellant, *v.* HOWARD E. BAUMBERGER, Defendant-Appellee.

(No. 59247;

First District (5th Division)—March 29, 1974.

*Modified opinion upon denial of rehearing filed May 13, 1974.*

Edward S. Margolis and Julian I Silvertrust, both of Teller, Levit & Silvertrust, of Chicago, for appellant.

George J. Sotos of Meyers & Matthias, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a decision denying plaintiff's motion for entry of a turnover order against State Farm Insurance Company's employment retirement trust (Trust) and from a dismissal of a citation proceeding against the Continental Illinois National Bank and Trust Company of Chicago (Continental).

The action was commenced by plaintiff in Illinois against her former husband, seeking enforcement of a duly filed foreign judgment order for alimony arrearages of $13,065.00. Plaintiff then served Continental, the trustee of the State Farm Trust, with a citation to discover assets. This Trust, of which defendant was a beneficiary and entitled to receive $1,042.26 monthly, was funded solely by State Farm. The relevant portion of the Trust holds:

"4. No beneficiary hereunder shall have any right to assign, transfer, hypothecate, encumber, commute or anticipate his interest in any payments under this Trust, and such payments shall not in any way be subject to any legal process or levy of execution upon or attachment or garnishment proceedings against the same for the payment of any claim against any beneficiary hereunder, nor shall such payments be subject to the jurisdiction of any bankruptcy court, or insolvency proceeding."

Plaintiff moved to have the funds held by Continental, as trustee, turned over and for a continuing order upon it to pay over defendant's funds when they became due. Continental did not appear to resist the motion, although defendants' attorney did. After each party filed a memorandum of law, the trial court denied plaintiff's motion and dismissed the citation against Continental. Thereafter, the court in a further ruling, denied plaintiff's motion to vacate the court's earlier order.

The only issue presented for review is whether a wife's claim for alimony and support is collectible from a spendthrift trust created by someone other than the husband.

OPINION

Plaintiff argues that a number of Illinois cases have held that the provisions of a spendthrift trust are insufficient to defeat the right of a wife to alimony and support. Exemplificative of this proposition is *Keller*

*v. Keller*, 284 Ill.App. 198, 1 N.E.2d 773, which summarizes a number of prior cases.

In *Keller* the wife, pursuant to a divorce, obtained an order directing the trustees of a trust in which her husband had a beneficial interest, to apply a portion of the husband's funds for the support of their minor chilen. The will of defendant's father, establishing the trust in question, contained the following provision:

> " '* * * such payments to be made in installments, as often as found convenient by my trustees, but not less than twice in each year; each installment to be paid personally to the child entitled thereto, *and not to be capable of anticipation or assignment.*' "
> (284 Ill.App. at 200.) (Emphasis added.)

This will was executed about 3 years after the entry of the divorce decree against the defendant. The court after recognizing the validity of trusts containing spendthrift provisions went on to state, at page 202: "* * * there has appeared a determination to limit the cases in which the rule will be recognized by creating exceptions in certain classes of cases, where it is held upon various theories that the rule should not be applied." The court supports this conclusion with a number of reasons and authorities. For example, it quoted from *Moorehead's Estate*, 289 Pa. 542, 137 A. 802, where the court stated it "would be contrary to public policy as releasing the husband from his primary obligations to society to support his family, and also destructive of the legal unity which common law recognized as existing between husband and wife."

The *Keller* court went on to discuss the early Illinois case of *England v. England*, 223 Ill.App. 549, wherein that court, in viewing a spendthrift trust created by the will of the husband's father as a barrier to the wife's ability to collect alimony, decided, "an intention on the part of the trustor to exclude the wife was not apparent from a consideration of the whole instrument [1] [and] * * * the obligation of the husband to support the wife was not founded upon a debt or contract but was a social obligation based on public policy and for the good of society." In a recital of the case of *Tuttle v. Gunderson*, 254 Ill.App. 552, the *Keller* court quoted therefrom as follows:

> " 'Except where the trust was a spendthrift trust of the *strictest*

---

[1] In response to these cases and to the proposition that in order to reach the trust fund the party had to show intent by the trust creator that the fund was to be employed in that manner, the court in *Schwager v. Schwager*, 109 F.2d 754 (7th Cir. 1940), observed at page 757:

> "In this connection, it may also be said that the courts have extended themselves at great length to ascertain a favorable intent on the part of the settlor and, in fact, in some of the cases have indulged in a reasoning indicative of the desire sought to be achieved. In such cases the intent has been found because of a failure to express a non-intent."

*sort,* requiring the income to be paid to the beneficiary in person, and no one else (as in *Board of Charities & Correction v. Lockard* (1901) 198 Pa. 572, 82 Am. St. Rep. 817, 48 Atl. 496), the courts have uniformly construed provisions for the protection of the beneficiary from the claims of creditors or the consequences of his own improvidence, as not preventing the income of the trust from being subjected to the support of the beneficiary's wife and minor children. [Citations.].'" (Emphasis added.) *Keller v. Keller,* 284 Ill.App. 198, 205.)

We should note inferentially that the spendthrift trust of the "strictest sort" referred to above in *Board of Charities* involved a trust created by the husband's father, which provided:

> "All moneys or legacies herein bequeathed are to be paid to the legatees in person and to no one else, and shall not be assignable or transferable, nor subject nor liable in any way whatever for any debts or obligations of any of said legatees, heretofore or hereafter incurred or contracted or created."

The court there refused to allow the wife to attach the money in the hands of the trustee, stating: "[W]e agree entirely with all that has been said about the duty of the beneficiary to support his wife and child; *but that does not authorize interference with the right of another individual to dispose of his own property as he may see fit.*" (Emphasis added.)

Finally, in dealing with section 49 of the then entitled Chancery Act (Ill. Rev. Stat. 1933, ch. 22, par. 49), the *Keller* court, at page 206, concluded that the provisions of that statute "[applied] only to merely contractual obligations." We believe that this conclusion is unwarranted, since the statute as it was then worded, and as it is currently worded, referred and refers to "judgments" and is not limited to judgments on contracts.

Although the record here is devoid of any background regarding the State Farm Trust, it is apparent that the Trust created and funded by State Farm was meant to inure exclusively for the benefit of its employees. In order to implement that desire and effectively provide for their employees, State Farm included the aforementioned restrictive provision in the Trust. We believe that by so doing they have complied with the dictates of Ill. Rev. Stat. 1971, ch. 22, par. 49, which provides:

> "Whenever an execution shall have been issued against the property of a defendant, on a judgment, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a complaint against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant and of any property, money, or thing in ac-

tion due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, *except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself.* The court shall have power to compel such discovery, and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments, out of any personal property, money or things in action, belonging to the defendant, or held in trust for him, *with the exception above stated,* which shall be discovered by the proceedings whether the same were originally liable to be taken in execution Provided, that no answer made to any complaint filed under this and the preceding Section shall be read in evidence against the defendant on the trial of any indictment for fraud charged in the complaint." (Emphasis added.)

Section 49 has been clearly construed to prevent parties holding judgments from compelling trustees to turn funds over to them. As stated in *Young v. First National Bank,* 85 F.Supp. 68 (N.D. Ill. 1949):

"It is settled that in view of Section 49 interests in trusts, such as are here involved, may not be reached by a creditor's bill. *Potter v. Couch,* 141 U.S. 296, 11 S.Ct. 1005, 35 L.Ed.721; *Binns v. LaForge,* 191 Ill. 598, 61 N.E. 382. As has been noted, relief was also denied when the remedy employed was garnishment. *Baumgarden v. Reconstruction Finance Corporation,* 7 Cir., 131 F.2d 741. In *Dunham v. Kauffman,* 385 Ill. 79, 52 N.E.2d 143, 154 A.L.R. 90, the plaintiff was held not entitled to reach a similar trust interest by an attachment suit. In *Spindle v. Shreve,* 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512, and *Hummel v. Cardwell,* 390 Ill. 526, 62 N.E.2d 433, it was held that similar trust interests could not be reached by an assignee or trustee in bankruptcy in view of Section 49 of the Illinois Chancery Act."

The express language of section 49 is not subject to divergent construction, and it is controlling as to the facts here unless we decide that compelling public policy overrides the statute. This we cannot do. If spendthrift clauses, in full compliance with the provisions of the statute, as they are here, are a contravention of public policy, then it is the legislature which must act to correct the situation.

For the foregoing reasons, the judgment is affirmed.

Affirmed.

LORENZ and DRUCKER, JJ., concur.