*In re* MARRIAGE OF KAREN MATT, Petitioner-Appellee, and ALVIN E. MATT, Respondent (The Cosmopolitan National Bank of Chicago, Garnishee-Defendant and Respondent-Appellant).

First District (2nd Division) No. 83—2222

Opinion filed February 28, 1984.—Rehearing denied May 8, 1984.

Sherman & Lewis, of Chicago (Leonard E. Blum, of counsel), for appellant.

Springer, Casey, Haas, Dienstag & Silverman, of Chicago (Martin L. Silverman and Gary Dienstag, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

This garnishment action was brought by petitioner Karen Matt against the garnishee-defendant, the Cosmopolitan National Bank of

Chicago. The judgment sought to be enforced consisted of arrearages in temporary child support owing to petitioner from Alvin Matt, the petitioner's ex-husband and lifetime beneficiary of a testamentary trust. The trust in question contained a spendthrift provision. The trial court found that the trust income was subject to a claim for child-support arrearages and denied the garnishee bank's motion to be discharged on a "no funds" answer. The garnishee bank appeals from this finding and order.

On April 16, 1980, Alvin Matt was ordered to pay temporary child support to Karen Matt. Mr. Matt failed to comply with this order and on October 21, 1982, judgment for dissolution of marriage was granted to Alvin Matt and Karen Matt which included a $7,000 judgment in favor of Karen for arrearages on the April 16, 1980, temporary support order.

The Cosmopolitan National Bank of Chicago is a trustee under the last will and testament of Yetta Matt, mother of Alvin Matt, who died on April 8, 1980, and whose will, dated October 8, 1975, was admitted to probate in the circuit court of Cook County. Yetta Matt's estate was settled and the assets delivered to the Cosmopolitan National Bank of Chicago to be administered in accordance with the testamentary trust contained in the will.

On July 7, 1983, garnishment proceedings were instituted by Karen Matt against the bank, based on the $7,000 judgment entered against Alvin Matt on October 21, 1982. On July 21, 1983, the bank filed an answer of "no funds" and a motion to be discharged from the garnishment proceedings, based upon the spendthrift provision in the testamentary trust, which provides:

"Neither principal nor income of the Trust herein established shall be pledged, transferred, sold, anticipated or encumbered by any beneficiary herein named, nor be in any manner liable, while in the possession of the Trustee, for any contract, debt or obligation, nor for any claim voluntarily or involuntarily created either legal or equitable against any beneficiary, including claims for alimony or support of any spouse of such beneficiary."

Neither party cited any ambiguity or petitioned the court to interpret the will. Both sides filed memoranda and were given the opportunity to argue their positions before the court.

On September 9, 1983, the trial court found that the income of the trust was subject to garnishment in order to satisfy the child support judgment and denied the bank's motion for a discharge on its no funds answer. The court ordered the bank to file an amended answer

and the bank appeals.

The trial court based its decision upon its interpretation of the testator's intention, as determined from the trust's spendthrift provision, to provide for the support of Alvin Matt's children, the testator's grandchildren. The trial court believed that, because the spendthrift provision expressly protects the trust income against claims for spousal support yet does not mention child support, the testator did not intend to shield the trust income from the beneficiary's child-support obligations. The court also expressed its view, apparently based on *Keller v. Keller* (1936), 284 Ill. App. 198, 1 N.E.2d 773, that public policy in Illinois prohibits a trust beneficiary from escaping his child-support obligations on the basis of a spendthrift provision unless that provision expressly shields the trust beneficiary against child-support judgments. See *Keller v. Keller* (1936), 284 Ill. App. 198, 205, 1 N.E.2d 773.

Petitioner argues that, because the spendthrift provision does not expressly protect the beneficiary's interest against claims for child support, the trust income is not protected against garnishment. Defendant, the trustee bank, contends that the trial court incorrectly interpreted the testator's intent as expressed in the spendthrift provision. Defendant also contends that the *Keller* decision is no longer followed in Illinois.

In every case interpreting spendthrift trusts as they relate to the trust beneficiary's spousal and child-support obligations, the Illinois courts have based their decisions at least in part upon the trust exception to section 49 of the old Chancery Act (Ill. Rev. Stat. 1975, ch. 22, par. 49; Ill. Rev. Stat. 1981, ch. 110, par. 399) which is now embodied in section 2—1403 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1403.) Section 2—1403 is worded almost identically to its predecessor in the Chancery Act.

> "No court shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor."
> Ill. Rev. Stat. 1983, ch. 110, par. 2—1403.

It seems clear from this language that judgment debts against a trust beneficiary cannot be satisfied out of the beneficiary's interest where, as here, the trust was created by a person other than the judgment debtor. (See *Potter v. Couch* (1891), 141 U.S. 296, 320, 35 L. Ed. 721, 733, 11 S. Ct. 1005, 1012; *Dinwiddie v. Baumberger* (1974), 18 Ill. App. 3d 933, 936-37, 310 N.E.2d 841; see also *MacDonald v. Joslyn* (1974), 17 Ill. App. 3d 52, 55, 307 N.E.2d 601.)

However, petitioner contends that the courts in Illinois have held that this statutory exception does not apply with respect to child support judgments. Petitioner cites *Keller v. Keller* (1936), 284 Ill. App. 198, 1 N.E.2d 773, in support of this contention.

In *Keller*, the court held that, as a matter of public policy, claims for child support are enforceable against the income of a spendthrift trust of which the husband is an income beneficiary. The court in *Keller* believed that section 49 of the Chancery Act concerned only contractual obligations and was therefore inapplicable to a case involving the child-support obligation. However, *Keller* has been criticized and has not been followed in Illinois, due for the most part to the fact that the opinion is uncertain as to its grounds. See *Schwager v. Schwager* (7th Cir. 1940), 109 F.2d 754, 763; Note, *Right of Wife and Children to Reach Income of Spendthrift Trust Created for Husband,* 14 Chi.-Kent L. Rev. 276 (1936); Note, *Spendthrift Trusts—Recovery from the Trustee of Support Money for Beneficiary's Minor Children,* 30 Ill. L. Rev. 1067 (1936).

In addition, *Keller* is distinguishable on its facts from more recent cases in that the spendthrift provision in *Keller* was extremely broad. The trust instrument in *Keller* provided:

> " '\*\*\* such payments to be made in installments, as often as found convenient by my trustees, but not less than twice in each year; each installment to be paid personally to the child entitled thereto, *and not to be capable of anticipation or assignment.*' " (Emphasis added.) 284 Ill. App. 198, 200.

It is understandable that the court in *Keller* declined to enforce this spendthrift provision against a child-support claim absent more specific language. In contrast, more recent spendthrift provisions, including the one in the instant case, are far more specific. The language in *Keller* requiring that a spendthrift provision "expressly disclose an intention" to shield against child-support claims (284 Ill. App. 198, 206) was written in interpretation of a broad spendthrift provision, and we therefore will not apply it to the much more specific provision in the instant case.

The most recent criticism of *Keller* appears in *Dinwiddie v. Baumberger* (1974), 18 Ill. App. 3d 933, 310 N.E.2d 841, in which the court upheld a spendthrift provision against an alimony claim under the authority of section 49 of the Chancery Act.

In *Dinwiddie*, the wife commenced an action against her former husband, seeking the enforcement of a foreign judgment order for alimony arrearages. The wife sought to recover from the husband's employment retirement trust, which contained a spendthrift provision.

The trial court dismissed the wife's action against the trustee bank and the appellate court affirmed, holding that under the language of section 49 the trust income could not be reached by the wife. The court in *Dinwiddie* objected to the *Keller* decision's interpretation of section 49 as applying "only to merely contractual obligations." (284 Ill. App. 198, 206.) The court stated:

> "We believe that this conclusion is unwarranted, since the statute as it was then worded, and as it is currently worded, referred and refers to 'judgments' and is not limited to judgments on contracts." 18 Ill. App. 3d 933, 936.

The court went on to apply section 49 and to enforce the spendthrift provision.

We find the reasoning of the *Dinwiddie* case to be more sound than that of *Keller*. This is especially evident in light of the General Assembly's recent reenactment of the trust exception of section 49 of the Chancery Act. (See Pub. Act 83—314.) The court in *Dinwiddie* stated:

> "The express language of section 49 is not subject to divergent construction, and it is controlling as to the facts here unless we decide that compelling public policy overrides the statute. This we cannot do. If spendthrift clauses, in full compliance with the provisions of the statute, as they are here, are a contravention of public policy, then it is the legislature which must act to correct the situation." 18 Ill. App. 3d 933, 937.

Because the legislature's most recent action regarding this situation has been the reenactment of the section 49 trust exception, and because *Keller* has not been followed, we elect to follow *Dinwiddie* and hold that section 2—1403 of the Code of Civil Procedure prohibits the garnishment of the trust income in the instant case.

The decision of the circuit court is reversed and the cause remanded.

Reversed and remanded.

HARTMAN, P.J., and DOWNING, J., concur.